ELLA WOOD ET VIR. V. BANKERS LIFE AND LOAN ASSOCIATION.

Application No. 24028. Decided March 1, 1939.
(125 S. W., 2d Series, 262.)

*Geo. M. Hopkins, of Denton,* for plaintiffs in error.

*J. Frank Wilson,* of Dallas, *Fred H. Minor,* of Denton, for defendant in error.

PER CURIAM:

The application for writ of error in this case is stamped "DISMISSED W. O. J.," by virtue of a rule adopted by this Court effective March 1, 1939, which rule reads as follows:

"5a—Under Article 1821, of the Revised Civil Statutes of Texas, 1925, and Article 1728, of the Revised Civil Statutes of Texas, 1925, as amended, certain cases are placed beyond the jurisdiction of the Supreme Court on writ of error. Such cases must be dismissed by the Supreme Court for want of jurisdiction on the applications for writs of error.

"Under Subdivision 6 of Article 1728, as amended, it is directed that 'in all cases where the judgment of the Court of Civil Appeals is a correct one but the Supreme Court is not satisfied that the opinion of the Court of Civil Appeals in all respects has correctly declared the law, it shall dismiss the case for want of jurisdiction.'

"In order that parties, attorneys, and the courts may be advised of the classification made by the Supreme Court in dismissing each application for writ of error, effective from this date, each application dismissed because the case is adjudged beyond the jurisdiction of the Supreme Court on writ of error

will be stamped 'DISMISSED W. O. J.,' while each case dismissed under the above quoted portion of Subdivision 6 of Article 1728, as amended, will be stamped 'DISMISSED, W. O. J.—CORRECT JUDGMENT.' "

. This is a suit for $250.00. It originated in the county court. We hold that the decision of the Court of Civil Appeals in this case is final, and that we have no jurisdiction to grant a writ of error. Section 1, Article 1821, R. C. S. 1925. In our opinion, this case presents no question which under the exceptions contained in the above statute, would confer jurisdiction on this Court. This Court is therefore without actual jurisdiction. This application is therefore DISMISSED W. O. J., which means that it is dismissed because we are without jurisdiction. As shown by the above rule, hereafter when a case is "DISMISSED W. O. J.," and nothing more, it is meant that this Court is without jurisdiction.

Opinion delivered March 1, 1939.