Dorothy J. WILSON, et al., Appellants,

v.

B. B. WORLEY et ux., Appellees.

No. 5888.

Court of Civil Appeals of Texas, Waco.

Jan. 26, 1978.

Rehearing Denied March 1, 1978.

Bill H. Vannatta, Clark & Vannatta, Waco, for appellants.

Stephen N. Smith, Martin, Martin & Showers, Hillsboro, for appellees.

## OPINION

McDONALD, Chief Justice.

Appellants Wilson, et al, appealed from a judgment rendered and entered September 9, 1977, which decreed title and possession of 136.76 acres of land to appellees Worley, et al., subject to a mineral interest owned by the Sabine Corporation.

Appellees have filed motion to dismiss such appeal on the ground that this court does not have jurisdiction.

Trial of the case was to a jury. The trial court rendered and entered a judgment on August 19, 1977. On August 26, 1977 appellants filed motion for new trial, and on such date also filed motion for correction of judgment, requesting the trial court to correct judgment so as to reflect a mineral interest in the land which was owned by the Sabine Corporation, which was a party to the suit. On September 9, 1977 the trial court rendered and entered a corrected judgment disposing of all issues and parties.

This judgment was a final judgment and is the judgment appealed from.

There was no motion for new trial filed within 10 days after September 9, 1977, and no appeal bond filed within 30 days after September 9, 1977, as required by Rule 356 TRCP.[1]

Appellants filed appeal bond on November 4, 1977, 56 days after the September 9, 1977 judgment.

Appellants contend it was not necessary for them to file a motion for new trial following the September 9, 1977 corrected judgment, and that under Rule 306c TRCP, the motion for new trial filed August 26, 1977 directed to the August 19, 1977 judgment, is applicable to the September 9, 1977 judgment, as a prematurely filed motion for new trial.

Rule 306c TRCP provides that no motion for new trial shall be held ineffective because prematurely filed; but every such motion shall be deemed to have been filed on the date of but subsequent to the rendition of *"the judgment the motion assails"*.

The motion for new trial filed by appellants on August 26, 1977 specifically assailed the August 19, 1977 judgment which was not a final judgment. It was interlocutory as it did not dispose of the mineral interest owned by Sabine Corporation, a party to the suit.

The judgment of September 9, 1977 disposed of all issues and all parties and was a final judgment, and is the judgment appealed from.

Appellants' motion for new trial filed on August 26 was not directed to the final judgment in this case rendered September 9, and cannot be considered a prematurely filed motion for new trial under Rule 306c TRCP. *Dubert v. Adkins* (Tex.Civ.App. Corpus Christi) NWH, 475 S.W.2d 383; *Flesher Construction Co. v. Hauerwas (Tex. Civ.App. Dallas) NWH, 491 S.W.2d 202; Home Fund, Inc. v. Denton Federal Savings & Loan Assn.* (Tex.Civ.App. Ft. Worth) NWH, 485 S.W.2d 845; *Bryan v. General State Bank v. Campbell* (Tex.Civ.App. Waco) NWH, 386 S.W.2d 205.

---

1. See: *Glidden Co. v. Aetna Casualty & Surety Co.*, 155 Tex. 591, 291 S.W.2d 315; *Bellmead*

*Electric Credit Corp.* (Tex.Civ.App. Houston 1) NWH, 553 S.W.2d 415. See also: *Imperial Ins. Co. v. Ellington* (Tex.Civ.App. San Antonio) NWH, 498 S.W.2d 368.

Appellants cite *Wilmer-Hutchins Independent School District v. Blackwell* (Tex. Civ.App. Dallas) Er.Dismd., 529 S.W.2d 575, and *NEI Corporation v. Glenn McMillan Developing Co.* (Tex.Civ.App. Houston 14) NWH, 550 S.W.2d 113 as supportive of their position. *Wilmer-Hutchins* did not pass on the point; and the *NEI* case applied rule 306c to a nunc pro tunc judgment correcting a misrecital of a name in a previously entered final judgment.

Since Rule 306c is not here applicable, and no motion for new trial was filed within 10 days after the September 9 judgment, and no appeal bond was filed within 30 days after such judgment, this court is without jurisdiction of the appeal.

Appellees' motion to dismiss appeal is granted.

APPEAL DISMISSED