Clara YOAST, et al, Appellants,

v.

Lovell YOAST, et ux, Appellees.

No. 1405.

Court of Civil Appeals of Texas, Tyler.

July 30, 1981.

Rehearing Denied Aug. 28, 1981.

O. T. Moore, Jr., Lockhart, Jim Willmann, Hearne & Babb, Douglass D. Hearne, Austin, for appellants.

Arthur Mitchell, Allen L. McMurrey, Bastrop, for appellees.

SUMMERS, Chief Justice.

This is a trespass to try title suit and action for judicial partition. Lovell Yoast and his wife, Martha, sued his mother, Clara Yoast, brother and sister-in-law, Ernest and Betty Jo Yoast, claiming title to a portion of a 442.94-acre tract of land located in Bastrop County. Plaintiffs Lovell and Martha Yoast claimed title to 102.45 acres of the tract under three separate gift deeds plus an additional 160 acres by adverse possession. The mother, son and daughter-in-law answered by a claim of not guilty and by way of general denial.

Trial was to the court which ruled in favor of the plaintiffs. A judgment captioned "Order of the Court" was rendered on October 10, 1979, decreeing that the plaintiffs were entitled to recover title to and possession of 262.45 acres of land out of the larger 442.94-acre tract, 102.45 acres by conveyance and 160 acres by adverse possession. The trial court, in its judgment, then proceeded to appoint a surveyor to segregate a total of 262.45 acres from the larger tract which acreage was "... to be awarded in a subsequent judgment of the court." On November 1, 1979, the court entered a "Final Judgment" granting plaintiffs possession of two specific tracts of land described in the judgment by metes and bounds totaling 262.45 acres.

### PRELIMINARY MOTIONS

Before proceeding to the merits of the appeal, we are faced with two motions included in appellee's brief. While we consider it in poor form to present motions to

this court in such a manner,[1] we will indulge our discretion in this instance since the motions relate to our jurisdiction to consider the appeal and the appellate record before us.

Appellees' first of two motions asks that the appeal be dismissed for want of jurisdiction since, they contend, the appeal bond, transcript and statement of facts were not timely filed. The second of the motions is an alternative motion to strike the statement of facts from the appellate record. The following is a chronology of events leading to this appeal:

1. On October 10, 1979, the trial court entered the aforementioned "Order" which determined the parties' interests in the property, found that the property was susceptible to partition in kind, appointed a surveyor and gave him specific instructions regarding surveying out the 262.45 acres.

2. On October 24, 1979, appellants filed a cash deposit in lieu of bond stating therein that:

WHEREAS, the Twenty-First Judicial District Court of Bastrop County, Texas, in the above entitled and numbered cause, on *October 10, 1979*, entered an order and judgment herein in favor of the plaintiffs . . . .

WHEREAS, Clara Yoast, Ernest Yoast and Betty Jo Yoast, Defendants desire to appeal from said order and judgment to the Court of Civil Appeals for the Third Supreme Judicial District of Texas . . . . (Emphasis added.)

3. November 1, 1979—The trial court signed a "Final Judgment" which adopted the surveyor's field notes and granted plaintiffs title and possession to 262.45 specific acres.

4. December 9, 1979—The record was due in this court on this date in accordance with Rule 386[2], *i. e.*, 60 days from the court's order of October 10, if that

order is determined to be final, appealable and the order from which appellants seek our review.

5. December 24, 1979—Seventy-five days following the court's order of October 10 when a motion for extension of time to file the statement of facts would be due if appeal is from the October 10 judgment. Rule 21c(1).

6. January 2, 1980—Appellants' first motion for extension of time was filed stating that "on *November 1*, 1979, the 21st Judicial District Court of Bastrop County, Texas, rendered a judgment and order in said court. That the last day *for filing the statement of facts* with the Clerk of the Court of Civil Appeals is January 1, 1980."

7. January 15, 1980—Appellants' amended motion for extension of time to file statement of facts was filed.

8. January 23, 1980—The Austin Court of Civil Appeals considered and granted appellants' amended 21c motion. The statement of facts was filed the same day.

Appellees sought review of the order granting the motion for late filing in the supreme court as provided by the last paragraph of Rule 21c. Their application was dismissed for want of jurisdiction. Such a notation indicates that the supreme court did not pass upon the merits of the application and stands for nothing more than a determination by that august body that necessary jurisdictional bases were lacking to grant a writ. Calvert, *The Mechanics of Judgment Making in the Supreme Court of Texas*, 21 Texas L.Rev. 447 (1969); *Wood v. Banker's Life & Loan Ass'n of Dallas*, 132 Tex. 505, 125 S.W.2d 262 (1939).

We deny the motion to dismiss the appeal and grant the motion to strike the statement of facts for reasons which follow.

---

1. *See,* Tex.R.Civ.P. 404 and 408 which both contemplate formal filing and docketing of all such motions. *Also see,* Guittard, *Preliminary Motions in the Appellate Court* in State Bar of Texas, Appellate Procedure in Texas § 18.15 at 415 at n. 223 (1979).

2. All references to Rules are to Tex.R.Civ.P. which were in effect at the time of perfection of appeal and prior to revisions effective January 1, 1981, unless otherwise noted.

■ To pass upon these motions it is necessary for us to determine the character of this suit, whether it is solely a Trespass to Try Title suit or one for partition. Appellants maintain that they originally brought an action in Trespass to Try Title but an action for judicial partition was joined therewith and tried by consent. In this context we note that a partition action may be joined with and become part of a Trespass to Try Title suit. *Montgomery v. Huff*, 11 S.W.2d 237, 240 (Tex.Civ.App.—Amarillo 1928, writ ref'd); *Green v. Churchwell*, 222 S.W. 341 (Tex.Civ.App.—Austin 1920, no writ); *Tide Water Oil Co. v. Bean*, 148 S.W.2d 184, 188 (Tex.Civ.App.—Dallas), *rev'd on other grounds*, 138 Tex. 479, 160 S.W.2d 235 (1942); 55 Tex.Jur.2d *Trespass to Try Title* § 61 (1964). Although the appellants did not specifically pray for partition below, such a defect in pleadings is deemed waived under Rule 90 [3] since, in the record before us, there is no written objection to the appellants' failure to pray for partition. Moreover, partition issues may have been tried by express or implied consent. The trial court made findings of fact stated in its judgment of October 10 relative to partition issues. In such a case, and absent a statement of facts, we will indulge the presumption in support of the trial court's findings that the issues upon which those findings were based were in fact tried by consent. *Ives v. Watson*, 521 S.W.2d 930, 933 (Tex.Civ.App.—Beaumont 1975, writ ref'd n. r. e.); 4 R. McDonald, Texas Civil Practice § 16.10 (rev. 1971). We are further inclined to adopt this position since it has been brought to our attention in appellants' brief, which statement is uncontested,[4] that the appellees, who now contend that this is a Trespass to Try Title and not a partition suit, drafted the trial court's October 10 judgment specifically including the partition findings and directing the surveyor which it appointed therein to equitably apportion the parties' shares. *Ergo*, for the purposes of this appeal, we will treat this cause as a partition suit.

■ It is now well-settled Texas law that the first decree in a partition suit is a final, appealable judgment and not interlocutory as maintained by appellees. As we said in *Benson v. Fox*, 589 S.W.2d 823, 828 (Tex.Civ.App.—Tyler 1979, no writ),

> [i]n a partition suit two judgments are rendered. The first decree determines: the share or interest of each of the joint owners or claimants; all questions of law or equity affecting the title; and appoints commissioners and gives them directions as may be necessary and appropriate. Tex.R.Civ.P. 760, 761. The second decree approves the report of the commissioners and allocates to the respective parties their separate shares or tracts. Tex.R.Civ.P. 769. The rights and matters determined in the first decree are final, *and it is appealable as a final judgment. Mansfield v. Davenport*, 362 S.W.2d 912 (Tex.Civ.App.—San Antonio 1962, writ ref'd n. r. e.); *Marmion v. Wells*, 246 S.W.2d 704, 705–06 (Tex.Civ. App.—San Antonio 1952, writ ref'd). (Emphasis supplied.)

*See also, Mansfield v. Davenport*, 362 S.W.2d 912, 913 (Tex.Civ.App.—San Antonio 1962, writ ref'd n. r. e.). Thus, appellants, in order to complain of matters contained in the October 10 order correctly perfected their appeal therefrom. The order was not interlocutory and therefore Rule 356 required filing of their cost bond or cash deposit in lieu thereof on or before November 12 (November 10 being a Saturday). The deposit in lieu of cost bond was

---

**3.** Every defect, omission or fault in a pleading either of form or of substance, which is not specifically pointed out by motion or exception in writing and brought to the attention of the Judge in the trial court before the instruction or charge to the jury or, in a non-jury case, before the rendition of judgment, shall be deemed to have been waived by the party seeking reversal on such account; provided that this rule shall not apply as to any party against whom default judgment is rendered.

**4.** Rule 419 provides that any statement made by the appellant in his brief which remains unchallenged by the appellee may be accepted as true by this court. *Bond v. Bond*, 547 S.W.2d 43, 45 (Tex.Civ.App.—Eastland 1977, writ ref'd n. r. e.).

filed on October 24, 1979. Appellants' transcript was timely filed on December 4, 1979. Tex.R.Civ.P. 386. In fact, had appellants not chosen to follow this course, i. e., appealing from the first judgment and instead waited to appeal from the second judgment, they would have been bound by the earlier decree. Upon appeal from the second judgment in a partition suit, matters determined by the first decree cannot be reviewed. *Marmion v. Wells, supra*, 246 S.W.2d at 705; *Cyphers v. Birdwell*, 32 S.W.2d 937, 938 (Tex.Civ.App.—Texarkana 1930, writ ref'd); 44 Tex.Jur.2d *Partition* § 62 (1964). Therefore, we hold that after reviewing the record before us that appellants have sought to and have perfected appeal from the court's judgment of October 10, which is the date from which appellate time factors are to be calculated. Appellants' cash deposit in lieu of bond and transcript being filed timely therefrom, we find that we have jurisdiction to consider this appeal.

Appellees' second of the motions asking that we strike the statement of facts challenges the ruling of the Austin Court of Civil Appeals (entered before the case was transferred to this court) granting appellants' amended motion for extension of time to file statement of facts.

■■■■ Rule 386 requires that the statement of facts be filed in the appellate court within 60 days of the judgment. Rule 21c provides that an extension of time for filing the statement of facts may be granted within 15 days of the last day for filing the statement of facts. The 15-day time period of 21c is mandatory and unless a motion for extension of time is filed within 15 days, a court of civil appeals is without power to grant leave to file the statement of facts late. *Meshwert v. Meshwert*, 549 S.W.2d 383, 384 (Tex.1977). Since appellants have appealed from the first partition decree, have so stated in their cash deposit in lieu of bond and contend in order to preserve their appeal that it is from that judgment which they appeal, they cannot now argue that the statement of facts was timely filed. The statement of facts under the rules was

to have been filed on December 9, 1979. In order to extend the filing date beyond this day, it was incumbent upon appellants to so move by December 24; however, their first 21c motion was not filed until January 2, 1980. Some confusion apparently resulted from the appellants' erroneous statement in their motion that the final judgment was entered on November 11, 1979. Appellants cannot rely upon the finality of the October 10 order to compute the time for perfecting their appeal while computing the time for filing their statement of facts from November 1, the date of the latter order. Since it now appears to this court that appellants' 21c motion for extension of time for filing their statement of facts was improvidently granted, we grant appellees' motion to strike the statement of facts from the appellate record. *Courtlandt Corp. v. Trico Service Corp.*, 600 S.W.2d 883, 885 (Tex.Civ. App.—Houston [1st Dist.] 1980, writ ref'd n. r. e.); 4 Tex.Jur.3d *Appellate Review* §§ 297, 298 (1980).

## ADVERSE POSSESSION

■■■■ Since we may not consider the statement of facts, in presenting the nature of the case, we must rely exclusively upon the pleadings, findings of fact made by the trial court and uncontested factual allegations made in the appellants' brief. In doing so, we will apply the rule of construction that in the absence of a statement of facts the findings of fact and conclusions of law will be construed together, and if the findings of fact are susceptible to several different interpretations, they will be construed to be in harmony with the judgment and to support it. Additionally, every presumption will be indulged in favor of the trial court's findings and judgment. Moreover, as said in *Arlington Bank & Trust v. Nowell Motors, Inc.*, 511 S.W.2d 415, 416 (Tex.Civ.App.—Fort Worth 1974, no writ), since the appellants requested the trial court to file such findings and did not request any additional findings, the findings of the trial court are binding on the parties and this court. *Ives, supra*, 521 S.W.2d at 932.

In 1931 or 1932 Lonnie Yoasts' father acquired the tract of land in question and his son and his son's wife Clara moved onto the property. Lovell and Ernest Yoast occupied the land with their parents. Lovell married in 1943 and his parents built him a home on the tract. In 1947 Lonnie Yoast inherited the property. When Ernest Yoast married in 1949, he moved into Lovell's house and the parents built Lovell a new residence also on the same tract. Lovell has lived on the tract continuously since 1949, claiming the property as homestead, operating a real estate business out of it and paying taxes on it. He and his wife made extensive improvements including barns, sheds, fences, garden fences, outhouses, waterlines, and a water system.

After inheriting the tract in 1947, the father paid taxes on the whole for 1948 and 1949; however, in 1950 he had the assessment changed so that he would be taxed for 120 acres, Lovell for 162.47 and Ernest for 162. Both sons paid taxes on those respective portions of the property from 1950.

From 1965 through 1967 the mother and father executed gift deeds to their sons giving each a total ³⁄₁₃ undivided interest in the tract. Lovell claimed 102.47 acres under those deeds. After the father died in 1976 Clara sought to lease the total 442.97-acre tract to Ernest and Lovell. Lovell refused to lease asserting that he owned the land and did not need to lease it, thus spawning this suit.

The trial court made the following findings of fact:

1. I find as a fact that the plaintiffs, Lovell and Martha Yoast, have had continuous possession of the 160-acre tract awarded to the plaintiffs herein, either actual or constructive, for a period of at least twenty-five years, commencing in 1949, continuously until the present time.

2. I find that plaintiffs, Lovell and Martha Yoast have openly exercised dominion over and asserted claim to the 160 acres awarded plaintiffs herein, and have paid taxes thereon annually before the same became delinquent, for a period of time commencing in 1949, continuously to date.

3. I find as a fact that plaintiffs, Lovell and Martha Yoast have had peaceable and adverse possession, using and enjoying property awarded to the plaintiffs, herein by the judgment of this Court, since 1949, continuously to the present time; and that such peaceable possession has been continuous from 1949 to date and has not been interrupted by adverse suit to recover the 160 acres awarded the plaintiffs.

4. I find further that plaintiffs, since 1949, have undertaken an actual and visible appropriation of the property in question, commencing in 1949, and continuing under a claim of right, absolute and inconsistent and hostile to the claim of any and all others.

■■■■ Appellants' first six points of error are all evidence points attacking the trial court's judgment awarding the appellees 160 acres by adverse possession under the 10- and 25-year statutes of limitations. Tex.Rev.Civ.Stat.Ann. art. 5510 *et seq.* Appellants are powerless to make a viable complaint as to the sufficiency of the evidence to support the judgment in the absence of a statement of facts; *Ives, supra,* for it is presumed upon appeal that sufficient evidence was introduced to support the findings and judgment of the trial court. *Lane v. Fair Stores,* 150 Tex. 566, 243 S.W.2d 683, 685 (1951); *Peacock v. Bradshaw,* 145 Tex. 68, 194 S.W.2d 551, 554 (1946); *Ehrardt v. Ehrardt,* 368 S.W.2d 37, 38 (Tex.Civ.App.—Waco 1963, err. ref'd); *Giddings v. Simpson & Co.,* 532 S.W.2d 719, 720 (Tex.Civ.App.—Waco 1976, no writ). The trial court in its findings of fact made all necessary findings to support the appellees' claim of title under the 10-year statute. Accordingly, we overrule appellants' points 1 through 6.

### GIFT DEEDS

Beginning in 1965, Clara and Lonnie Yoast executed gift deeds to Lovell and Ernest purporting to convey a ¹⁄₁₃ undivided interest in the 442.94-acre tract to each of them. Ultimately, three of these deeds

were executed to each of the sons, thus forming the basis for Lovell's claim to a ³⁄₁₃ interest in the whole tract. The trial court concluded that appellees, Lovell and his wife, were entitled to recover title to and possession of 102.45 acres by virtue of these deeds.[5]

Appellants' seventh point of error complains that the trial court's award of 102.45 acres is inconsistent with its award of 160 acres by adverse possession to appellees. In passing on this point, it is our duty to examine the correctness of the legal conclusions drawn from the facts found by the trial court. *Dutchover v. Dutchover,* 334 S.W.2d 569, 571 (Tex.Civ.App.—El Paso 1960, no writ); 4 R. McDonald, Texas Civil Practice § 16.10 (Rev.1971).

We have previously held that the court's award of 160 acres by adverse possession under the 10-year statute is supported by the record and should be upheld. Thus, by 1964, when the parents began executing the deeds, the appellees had already perfected title to the 160 acres under the ten-year statute and the parents were forever barred from asserting ownership to that portion of the tract. Tex.Rev.Civ.Stat. Ann. art. 5513 (Vernon 1958)[6]; *see also* 2 Tex.Jur.3d *Adverse Possession* § 191 (1980) and cases there collected. Therefore, when the first gift deed was executed in 1965, the parents owned only 282.94 acres, more or less, in which they could convey an interest. Each of the gift deeds purports to convey an undivided interest in land which the grantors did not own, *to-wit*: 160 acres. Since the deeds convey an undivided ³⁄₁₃ interest in each and all parts of the land, there was a partial failure of title with respect to the ³⁄₁₃ interest in 160 acres. *First National Bank of Rockport v. Brown,* 15 S.W.2d 563, 564 (Tex.Comm'n App.1929, holding approved). In cases involving warranty deeds and a partial failure of title, it

is settled that a grantee who takes an undivided fractional interest by the conveyance is not entitled to have his share of the remainder increased in proportion to the undivided interest which he lost by failure of title. In such instances, the grantee may only look to his warranty. *Kelln v. Brownlee,* 517 S.W.2d 568, 571 (Tex.Civ.App.—Amarillo 1975, writ ref'd n. r. e.); *Daniel v. Allen,* 129 S.W.2d 392, 393 (Tex.Civ.App.—Texarkana 1939, no writ). Where the grantor has previously conveyed a portion of the tract described, the extent of the undivided interest transferred by the deed is based upon the number of acres remaining in the tract. 19 Tex.Jur.2d *Deeds* § 149 (1960). The trial court found that the three gift deeds each conveyed to Lovell Yoast a ¹⁄₁₃ interest in 442.94 acres but in its conclusions of law failed to take into account failure of his title to 160 of those acres and concluded that he was entitled to 102.45 acres. Such was error. Applying these principles, we modify that part of the trial court's judgment which granted appellees title to 102.45 acres so that they recover title to and possession of 55.76 acres by virtue of the gift deeds. We have arrived at this figure in the following manner: in 1965, when the first gift deed was executed, Clara and Lonnie Yoast owned 282.94 acres out of which they conveyed an undivided ¹⁄₁₃ interest to both Lovell and Ernest (21.76 acres each) leaving 239.42 acres; a second conveyance of an undivided ¹⁄₁₃ interest was made in 1966 to the sons in 1966 out of the remaining 239.42 acres or 18.42 acres each; in 1967 a final ¹⁄₁₃ undivided interest was conveyed to Lovell and Ernest out of the remaining 202.58 acres, thus entitling each of them to an additional 15.58 acres and a total of 55.76 acres.

## PARTITION

Appellants' points of error 8–10 all complain of the trial court's manner of par-

---

5. Although neither party has addressed the point, we note that the conveyances were made *only to Lovell Yoast and not to his wife. Since no point of error has been assigned in this regard, we decline to pass on that portion of the court's judgment granting the 102.45 acres to both husband and wife.*

6. "Whenever an action for recovery of real estate is barred by any provision of this title, the person having such peaceable and adverse possession shall be held to have full title, precluding all claims."

titioning the property in question. We shall first address appellants' 10th point since our disposition thereof renders the remaining points moot. That point assigns as error the trial court's failure in partitioning the land to follow Rules 756–771 of our rules of procedure. We agree and reverse and remand that portion of the trial court's judgment partitioning the property for proper proceedings in accordance with those rules.

Rules 756–771 govern the partition of the real estate in Texas courts. Rules 760 and 761 require the court to make specific determinations regarding the share or interest of each joint owner or claimant in the land sought to be divided and the susceptibility of the property to partition. If the court finds that the property is partitionable, then a partition decree is to be entered specifying the shares and appointing three or more competent and disinterested persons as commissioners to make the partition in accordance with the decree and the law. Under Rule 768 the commissioners are required to divide the real estate with regard to the situation, quantity and advantage of each share so that the shares may be equal in value, as nearly as may be, in proportion to the respective interests of the parties.

Instead of following these rules, the trial court merely appointed a single surveyor, instructed him to survey out two adjacent tracts totalling 462.45 acres and to return his report to the court whereupon the court would enter judgment. Upon filing of the report, the trial court entered its "Final Judgment" partitioning the land in accordance with the report. Such was error.

Except in cases where the appointment of commissioners is wholly inadequate to meet the exigencies of the controversy (as where partition in kind is not possible thus making the appointment of commissioners a futile gesture), our courts have uniformly followed the practice of appointing commissioners. In our opinion this is not such a case. Appointment of commissioners in a case such as the one before us is mandatory under Rule 761 and the failure to do so constitutes reversible error. *Reid*

*v. Howard*, 71 Tex. 204, 9 S.W. 109 (1888); *Benson v. Fox, supra* 589 S.W.2d at 827; *Bouquet v. Belk*, 376 S.W.2d 361, 362 (Tex. Civ.App.—San Antonio 1964, no writ).

Since the error in failing to appoint commissioners affects only a portion of the matter in controversy, having heretofore sustained the court's award of 160 acres by adverse possession and rendered that part of the judgment which the trial court should have rendered granting the appellees another portion of the tract by deeds of gift, all issues raised by the pleadings which form the basis for a partition decree have been determined. Only the manner in which that decree is put into effect is erroneous and need be remanded.

Accordingly, that part of the trial court's judgment granting the appellees 160 acres by adverse possession is affirmed; that portion of the judgment awarding appellees 102.45 acres by gift deeds is modified to award them 55.76 acres and as modified affirmed; and the remainder of the trial court's judgment is reversed and remanded to that court so that commissioners may be appointed and instructed in order to complete the partition in accordance with Rules 756–771.