**Henry J.N. TAUB, et al., Appellants,**

v.

**V.R.T. KAHN, et vir., Appellees.**

**No. 01–82–0080–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 30, 1982.

Rehearing Denied Jan. 27, 1983.

W. Robert Brown and John Taub, Houston, for appellants.

Lee Kaplan and Fletcher Etheridge, Houston, for appellees.

Before WARREN, PRICE and DOYLE, JJ.

## OPINION

DOYLE, Justice.

This is an appeal from an order partitioning certain real property, designated as the West Belt property, jointly owned by the appellants and the appellees.

On December 27, 1979, the district court entered its preliminary decree of partition and appointment of commissioners, pursuant to Rule 761, Texas Rules of Civil Procedure.[1] The preliminary decree set forth the respective partition shares for each party, and appointed three commissioners to make the partition in accordance with the decree. No appeal was taken from such preliminary decree.

On October 30, 1980, the three commissioners filed their commissioners' report, pursuant to Rule 769, in which they stated their partition was "a fair, equal, just and impartial division of the property to the ownership interest." Thereafter, on November 9, 1981, a court-ordered title opinion regarding the property was filed, such opinion having been previously submitted to all parties prior to its filing.

On November 16, 1981, the appellants filed their objections to the commissioners' report, as authorized under Rule 771. In their objections, the appellants argued, inter alia, that the commissioners' report failed to effect a partition of the property, as required by Rules 766 and 768, and that they disagreed with the ownership percentages and certain assumptions made by the commissioners. The appellants requested that the court refer the matter back to the commissioners with specific instructions on partition and ownership, or, in the alternative, that the court reject the commissioners' report and appoint new commissioners to partition the property.

On January 4, 1982, the district court signed an order entitled Order on Objections to Title Opinion and Report of Commissioners, ordering the commissioners to effect partition in accordance with enumerated instructions and directives set forth in the order.

■ Under Rule 760, the court is to determine the share or interest of each owner or claimant, including all questions of law or equity affecting the title to the land which may arise. Then, prior to entering a partition decree, the court is to determine whether the property is susceptible to partition, and, under Rule 761, it is directed to:

> enter a decree directing the partition of such real estate, describing the same, to be made in accordance with the respective shares or interests of each of such parties entitled thereto, specifying on such decree the share of interest of each party, and shall appoint three or more competent and disinterested persons as commissioners to make such partition in accordance with such decree and the law . . .

After the commissioners are appointed, they are directed under Rule 766 to proceed to partition the real estate in accordance with the directions contained in the court's decree.

■ We have concluded that Rule 760 controls the disposition of this appeal. That Rule provides as follows:

> Upon the hearing of the cause, the court shall determine the share or interest of each of the joint owners or claimants in the real estate sought to be divided, and all questions of law or equity affecting the title to such land which may arise.

As the parties have not appealed from the first decree, matters determined therein

[1.] All references to rules are to Texas Rules of Civil Procedure unless otherwise indicated.

cannot here be reviewed, and the parties are thus bound by it. *Yoast v. Yoast,* 620 S.W.2d 223, 228 (Tex.Civ.App.—Tyler 1981, no writ).

The appellant's objections had included a request that the district court not approve the commissioners' report and that it be sent back to them with instructions to partition, with directives. This the court did, and the appellant now contends, as his sole point of error, that this violated Texas Rules of Civil Procedure and improperly invaded the province of the commissioners.

By a reading of the applicable rules and the decision in *Yoast,* supra, it seems clear that the court's first decree determines the mathematical ownership, while the second decree, in conjunction with the commissioners' report, allocates to the respective parties actual, tangible shares or tracts of the particular land.

The appellant's contention is that (1) the order violates the procedural system set up by the rules, and (2) the order invaded the commissioners' decision-making authority set up by the rules. As we have previously stated, no complaint has been made regarding to the preliminary decree, nor can a complaint now be asserted.

As has been shown, upon filing of objections to the commissioners' report, a trial on the issues is then had. If the report is found to be erroneous in any material aspect, or unequal and unjust, then the court will reject the report and appoint new commissioners. Rule 771. The appellant asserts the trial court committed reversible error merely because it referred the matter back to the same commissioners with instructions to complete the report according to directives that were not in the preliminary decree. No case has been cited, nor has any been found, suggesting or holding this to be reversible error. As Rule 771 outlines, new commissioners are to be appointed upon trial of the objection issues where the trier of fact finds material error, inequality or injustice by the commissioners' report. The burden of proving such matters is upon the party attacking the impropriety of the report. *Vestal v. Jack-*

*son,* 598 S.W.2d 724 (Tex.Civ.App.—Waco, 1980, no writ). No docket sheet or statement of facts appears in the record reflecting any "trial of the issues" or findings of material error, inequality or injustice in the commissioners' report. The appellant does not raise any claim of substantive error in either the decrees or the report.

As we interpret Rule 760, the trial court has the power and duty to determine the equities and to adjust them according to the circumstances of the case. Here the court had rejected the commissioners' report because it did not effect a partition; it then returned the matter to them with specific instructions that would effect a partition by disposing of items on which the parties had been unable to agree after ten years of litigation. A trial court has continuing jurisdiction to enter new orders as the necessity arises in partition suits. See *Pffeffer v. Meissner,* 286 S.W.2d 241 (Tex. Civ.App.—Galveston 1955, writ ref'd n.r.e.).

The appellants have not presented or raised any argument or evidence of harm caused to them by the trial court's actions, and none would appear; nor have they raised an issue or appeal regarding any substantive matter in any decree. Thus, no reversible error is shown. Rule 434, T.R. C.P.

As to the appellants' argument that the order "invaded the province of the commissioners," Rule 766 requires the commissioners to effect partition in accordance with the court's instructions. The court's directions did not mandate the commissioners to partition any parcel or tract to any particular person or in any particular manner, and its order did not unduly restrict the duties of the commissioners in effecting the partition.

Accordingly, the trial court's Order on Objections is affirmed.