Lovell YOAST et ux., Petitioners,

v.

Clara YOAST et al., Respondents.

No. C–742.

Supreme Court of Texas.

April 6, 1983.

Rehearing Denied May 18, 1983.

Arthur Mitchell, Allen McMurrey, Bastrop, for petitioners.

Blundell & Moore, O.T. Moore, Lockhart, Douglass D. Hearne and Richard L. Crozier, Austin, on appeal only, for respondents.

RAY, Justice.

This is a trespass to try title suit. Lovell Yoast and wife sued his mother, Clara Yoast, and his brother, Ernest Yoast, and wife for title to a portion of a 442.94-acre tract of land located in Bastrop County. Lovell claimed title to 102.45 acres of the tract under three separate gift deeds and an additional 162.47 acres by adverse possession. After a non-jury trial, the court ordered that the plaintiffs recover title and possession of 262.45 acres.[1] The court of

---

1. Under article 5510, peaceable and adverse possession cannot be construed to embrace more than 160 acres. Tex.Rev.Civ.Stat.Ann. art. 5510. The 262.45 acres awarded to Lovell

appeals reversed the trial court's judgment in part. 620 S.W.2d 223 (Tex.Civ.App.1981). We affirm the judgment of the court of appeals in part and reverse in part.

In 1931 or 1932, Clara's father-in-law acquired the 442.94 acre tract and Clara, her husband, and two sons moved onto the property. The father-in-law died in 1947 and devised the tract to Clara's husband. Clara and her husband continued to live on the land and paid taxes on the entire tract for the years 1948 and 1949. In 1949, Clara and her husband built a house on a 162.47-acre tract and designated the tract for Lovell's use. In 1950, however, Clara's husband changed the tax rendition so Lovell would be taxed for the 162.47 acres. Lovell has lived on this tract continuously since 1949, claiming the property as homestead and paying taxes.

In 1965, 1966 and 1967, Clara and her husband executed several gift deeds whereby Lovell and Ernest were each ultimately conveyed a ³/₁₃ths undivided interest in the 442.94-acre tract. Each deed contained identical language, conveying "an undivided ¹/₁₃ interest in and to 442.94 acres." Clara sought to lease portions of the 442.94-acre tract to Lovell. He has refused to lease the land, claiming he already owns it.

Lovell's petition was entitled "Trespass to Try Title," and in it he prayed for title to certain described lands. Clara's answer consisted of a "not guilty" plea and a general denial. The trial court granted an interlocutory order on October 10, 1979, finding that Lovell was entitled to title and possession of a 262.45-acre interest to be awarded to Lovell in the final judgment. The order appointed a surveyor to partition in a contiguous manner a 160-acre tract, acquired by Lovell's adverse possession, and a 102.45-acre tract conveyed to Lovell by the gift deeds. The trial court further stated in the October 10th order that the final judgment would be rendered when the survey was returned. Rather than waiting for the final judgment, Clara filed a cost bond on October 24, 1979, asserting her desire to appeal the October 10th order. The trial

court rendered its "Final Judgment" a week later on November 1, 1979.

█ Although Clara did not file a cost bond after the November 1st judgment was rendered, as required by Rule 356, we hold her filing of cash in lieu of bond on October 24, 1979, constitutes a premature appeal within the scope of Rule 306c of the Rules of Civil Procedure. *Lassiter v. Bliss,* 559 S.W.2d 353, 358 (Tex.1977). Clara, therefore, has perfected her appeal from the final judgment and the court of appeals had jurisdiction to consider Clara's appeal.

The court of appeals characterized this suit as a partition action, and determined that the final judgment for purposes of appeal was October 10, 1979. The court of appeals held the October 10th judgment was the first of the two adjudications involved in a partition suit. *Benson v. Fox,* 589 S.W.2d 823, 828 (Tex.Civ.App.—Tyler 1979, no writ). Clara did not file her statement of facts within the time period allowed by Rule 386, regardless of whether the final appealable judgment was October 10th or November 1st. Tex.R.Civ.P. 386. She did, however, file a motion for extension of time to file the statement of facts on January 2nd. *See* Tex.R.Civ.P. 21c. Lovell filed a motion to strike the statement of facts from the record on appeal. The court of appeals granted Lovell's motion, holding that Clara's Rule 21c motion was not timely filed, because it was not filed within fifteen days from the date the statement of facts was due under the October 10th order.

█ We find the court of appeals erred in characterizing the suit as one for partition and in not considering Clara's Rule 21c motion. No point of error, however, was preserved on the court of appeals' striking of the statement of facts. Clara has, therefore, waived any error on this question because this Court cannot supply a point of error on a controlling ruling of the court of appeals. *Deer Park v. State,* 154 Tex. 174, 275 S.W.2d 77 (1954); *London Terrace, Inc., v. McAlister,* 142 Tex. 608, 180 S.W.2d 619

consisted of 102.45 acres obtained by gift deeds and 160 acres by adverse possession.

**292**

(1944). Accordingly, the statement of facts is not part of the appellate record.

■ The court of appeals mischaracterized this case as a partition suit. Lovell's pleadings are in the form prescribed by the rule for pleading a trespass to try title action, and cannot be construed as doing more than alleging a suit for trespass to try title. *See Hunt v. Heaton,* 643 S.W.2d 677 (Tex.1982); Tex.R.Civ.P. 783. A trespass to try title action is a procedure by which rival claims to title or right of possession may be adjudicated. *Poth v. Roosth,* 146 Tex. 7, 202 S.W.2d 442, 445 (1947); *Tide Water Oil Co. v. Bean,* 148 S.W.2d 184, 187 (Tex.Civ. App.—Dallas 1941), *rev'd on other grounds,* 138 Tex. 479, 160 S.W.2d 235 (1942). Partition issues may be resolved in a trespass to try title suit once the controversy as to title or right to possession is settled. *Tide Water Oil Co. v. Bean,* 148 S.W.2d at 187. That, however, does not convert the cause of action to a partition suit.

■ A partition suit is based on the theory of common title, rather than disputed ownership. *Green v. Churchwell,* 222 S.W. 341, 341 (Tex.Civ.App.—Austin 1920, no writ). Ownership of the 442.94-acre tract was disputed in this case. Once title was awarded to Lovell, partition issues were adjudicated to avoid multiplicity of suits. The action was not converted to a suit for partition. *Tide Water Oil Co. v. Bean,* 148 S.W.2d at 187; *McLean v. Moore,* 145 S.W. 1074, 1075 (Tex.Civ.App.—Austin 1912, no writ).

■ The court of appeals affirmed the trial court's judgment awarding the 160 acres to Lovell by adverse possession. The trial judge made all the necessary findings of fact to support Lovell's claim of title under the ten-year statute of limitations. Tex.Rev.Civ.Stat.Ann. art. 5510. Since the statement of facts is not part of the record, Clara is powerless to make a complaint as to the sufficiency of the evidence to support the judgment. *Ives v. Watson,* 521 S.W.2d 930, 932 (Tex.Civ.App.—Beaumont 1975, writ ref'd n.r.e.). It is presumed on appeal that sufficient evidence was introduced to support the findings and judgment of the trial court. *Lane v. Fair Stores,* 150 Tex. 566, 243 S.W.2d 683, 685 (1951); *Peacock v. Bradshaw,* 145 Tex. 68, 194 S.W.2d 551, 554 (1946). We cannot review these findings without a statement of facts. Therefore, that portion of the judgment is affirmed.

Lovell complains of the court of appeals' judgment reducing his 102.45-acre award under the gift deeds to 55.76 acres. Clara executed three gift deeds to Lovell, each conveying a ⅟₁₃ undivided interest in the 442.94-acre tract. The court of appeals arrived at its figure of 55.76 acres by determining at the time the gift deeds were executed in 1964, Lovell had already perfected title to the 160 acres by adverse possession. Therefore, Clara only owned 282.94 acres. In 1965, when the first deed was executed, the court of appeals held Lovell received an undivided ⅟₁₃ interest in 282.94 acres or 21.76 acres, leaving only 239.42 acres when the second gift was made. Lovell's ⅟₁₃ interest in the second deed was computed to be 18.42 acres. The court of appeals held the final ⅟₁₃ interest was conveyed out of the remaining 202.58 acres, entitling Lovell to an additional 15.88 acres and a total of 55.76 acres. We hold this method of calculation was erroneous as a matter of law.

By the plain wording of the gift deeds, Lovell is entitled to an undivided ⁳⁄₁₃ths interest in the entire 442.94-acre tract. The three deeds contain the identical language: "an undivided ⅟₁₃ interest in and to 442.94 acres." Lovell requested and received an admission by Clara as to the genuineness of the three gift deeds.

■ When Clara made the initial conveyance of a ⅟₁₃ interest to Lovell in 1965, the deeds did not say "to what remains in the 442.94 acres," but instead read "⅟₁₃ interest in and to 442.94 acres." Although Clara did not own 442.94 acres in 1965, she owned enough land to honor the gifts. Each gift deed conveyed 34.07 acres, which is ⅟₁₃ of 442.94 acres. Clara owned the property necessary to remedy her breach of warranty and must do so. *Duhig v. Peavy-Moore Lumber Co, Inc.,* 135 Tex. 503, 144 S.W.2d 878 (1940).

We reverse that portion of the judgment of the court of appeals awarding Lovell 55.76 acres under the gift deeds, and affirm the judgment of the trial court awarding him 102.45 acres. The remainder of the judgment of the court of appeals awarding 160 acres to Lovell by adverse possession is affirmed. Therefore, Lovell is awarded title and possession of the 262.45-acre tract fixed by the survey.

ROBERTSON, J., concurs.

ROBERTSON, Justice, concurring.

I concur in the result reached by the majority opinion that Lovell is entitled to the entire 262.45 acres as awarded by the trial court. However, I would hold that Clara's attempted appeal from the October 10th order appointing a surveyor was not within Rule 306c. I would, therefore, reverse the court of appeals' judgment and dismiss the appeal.

I believe that Rule 306c does not save the premature appeal here because in its October 10th order the trial court clearly stated it would enter a "final judgment" when the surveyor returned with his survey. The October 10 order was thus interlocutory. Rule 306c by its own terms applies only where the prematurely filed motion assails the final judgment. Because the October 24th appeal here was directed solely to the interlocutory order, it cannot be considered prematurely filed under Rule 306c. *Wilson v. Worley,* 562 S.W.2d 22, 23 (Tex.Civ.App. —Waco 1978, writ ref'd n.r.e.); *Sessions v. Whitcomb,* 329 S.W.2d 470, 472 (Tex.Civ. App.—Houston 1959, writ ref'd n.r.e.).

The majority's reliance on *Lassiter v. Bliss,* 559 S.W.2d 353 (Tex.1978) is misplaced. That case did not involve any interlocutory order entered before the judgment as in the instant suit. Rather, the appellant there filed his motion for new trial after the trial court judgment was announced in open court but before it was signed. *Lassiter* is thus a good example of the type of situation for which Rule 306c was written; our case here is clearly distinguishable.

Because Rule 306c does not apply to these facts, I would hold that the court of appeals was without jurisdiction to hear the appeal.