TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-97-00771-CV







Iris Dunham, Appellant



v.



Charles Elizondo, Sharon Elizondo, Kenneth E. Davison,


and Bruce Elfant, Constable, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT


NO. 97-02818, HONORABLE PAUL R. DAVIS, JR., JUDGE PRESIDING








 Appellant, Iris Dunham, appeals from summary judgment rendered in favor of
appellees, Charles Elizondo, Sharon Elizondo, Kenneth E. Davison, and Bruce Elfant. We will
affirm.

DISCUSSION

 Dunham sued appellees and T.L. Partners for alleged damages she sustained from
the 1995 foreclosure sale of a house that she owned in Travis County, Texas. (1) Appellees moved
for summary judgment at various times throughout the trial court proceedings. On September 4,
1997, the court granted summary judgment in favor of the Elizondos and Davison. The trial court
did not sever the judgment from the remainder of the case involving Elfant; thus, the judgment
was interlocutory. See Pan American Petroleum Corp. v. Texas Pacific Coal & Oil Co., 324
S.W.2d 200, 201 (Tex. 1959) (absent order of severance, party against whom interlocutory
summary judgment has been rendered will have right to appeal when and not before the same is
merged in final judgment disposing of entire case). The trial court granted Elfant's summary
judgment motion on October 22, 1997. With the granting of Elfant's motion, the trial court
disposed of all remaining issues, and the judgment became final. Therefore, appellant's right to
appeal did not ripen until entry of the last judgment on October 22, 1997. 

 On October 1, 1997, Dunham filed an instrument that could be construed as a
notice of appeal. This instrument was filed after the summary judgment in favor of the Elizondos
and Davison but before the judgment in favor of Elfant. In it, Dunham complains of the first 
judgment, which, as we have previously explained, was interlocutory and nonappealable. 
Nevertheless, in an attempt to construe the effort broadly, we hold that her filing is a premature
filing within the scope of Texas Rule of Appellate Procedure 27.1. (2) Accordingly, we hold that
Dunham has perfected her appeal from the final judgment, and this Court has jurisdiction to
consider her appeal. See Yoast v. Yoast, 649 S.W.2d 289, 291 (Tex. 1983).

 We now examine Dunham's briefing on appeal. Following numerous extensions
of time to file, appellant's "brief" was received and filed in this Court on May 14, 1998. 
Dunham's briefing to the Court consists primarily of a long narrative diary of events as she recalls
them, beginning in 1989, full of editorial comments, opinions, and religious prayer. Attached to
the "brief" is a three-ring binder full of papers and information she has collected. She does not
cite any points of error or issues for us to consider. However, rule 38.9 of the Texas Rules of
Appellate Procedure requires us to construe the briefing rules liberally and consider briefs which
substantially comply with the rules. See Tex. R. App. P. 38.9. Following this principle, we will
treat Dunham's filings as sufficient to challenge the trial court's granting of summary judgment
to appellees and reach the merits of her claim. See Malooly Bros., Inc. v. Napier, 461 S.W.2d
119 (Tex. 1970).

 Although it is difficult to discern the cause of action Dunham alleges, it appears
she has brought suit to recover money damages for wrongful foreclosure. One of the elements
of wrongful foreclosure is an irregularity in the sale. See Charter Nat'l Bank--Houston v. Stevens,
781 S.W.2d 368, 371 (Tex. App.--Houston [14th Dist.] 1989, writ denied). Appellees moved for
summary judgment on the ground that there was no irregularity in the sale. The only irregularity
Dunham seems to claim is a typographical error in the street address of the property listed in the
Notice of Sale of Real Property. (3) However, the Notice also contained a detailed description of
the property, and the legal description of real property controls over the street address of the real
property. See National Convenience Stores, Inc. v Martinez, 784 S.W.2d 468, 471 (Tex.
App.--Corpus Christi 1989, writ denied). The test for determining the sufficiency of a property
description is whether it so identifies the land that an officer charged with the duty of executing
a writ of possession could upon the ground, with the assistance of a competent surveyor, ascertain
the locality of the lines. See Dixon v. Bennett, 260 S.W.2d 372, 375 (Tex. Civ. App.--Waco
1953, no writ). After reviewing the description of the property in the Notice, we conclude that
the description satisfies this test. Having demonstrated that there was no irregularity in the sale,
appellees have negated an essential element of Dunham's cause of action and are entitled to
summary judgment. See Lear Siegler, Inc. v. Perez, 819 S.W.2d 470, 471 (Tex. 1991) (defendant
can prevail on summary judgment if it can disprove, as matter of law, at least one element of
plaintiff's cause of action). The judgment of the trial court is affirmed.



 


 Marilyn Aboussie, Justice

Before Chief Justice Yeakel, Justices Aboussie and Jones

Affirmed

Filed: July 16, 1998

Do Not Publish
1. Original defendant T.L. Partners is not a party to this appeal. The district court granted
T.L. Partners' motion for summary judgment on June 30, 1997. The trial court severed the
judgment in favor of T. L. Partners on July 2, 1997, and appellant attempted to bring an appeal
before this Court. However, appellant's notice of appeal was untimely, and on January 29, 1998,
the cause was dismissed on appellee's motion for want of jurisdiction in cause number 03-97-00772-CV. 
2. A premature filing of the notice of appeal is effective and deemed filed on the day of, but
after, the event that begins the period for perfecting the appeal. See Tex. R. App. P. 27.1; Chase
Manhattan Bank, N.A. v. Lindsay, 787 S.W.2d 51, 53 (Tex. 1988) (summary judgment must
dispose of all parties and issues in lawsuit to be final and appealable). 
3. Specifically, the Notice listed the property for sale as 4505 Elwood instead of 4504 Elwood.



gly, we hold that
Dunham has perfected her appeal from the final judgment, and this Court has jurisdiction to
consider her appeal. See Yoast v. Yoast, 649 S.W.2d 289, 291 (Tex. 1983).

 We now examine Dunham's briefing on appeal. Following numerous extensions
of time to file, appellant's "brief" was received and filed in this Court on May 14, 1998. 
Dunham's briefing to the Court consists primarily of a long narrative diary of events as she recalls
them, beginning in 1989, full of editorial comments, opinions, and religious prayer. Attached to
the