NO. 07-99-0232-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 6, 2000

______________________________

RONALD JOE HOLLEMAN, APPELLANT

V.

WEST END CAB CO., APPELLEE

_________________________________

FROM THE 95
TH
 DISTRICT COURT OF DALLAS COUNTY;

NO. 96-05037-D; HONORABLE SALLY L. MONTGOMERY, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

ON MOTION FOR REHEARING

In our original opinion, we reversed a non-jury decision in favor of appellee West End Cab Co. and remanded this case to the trial court for a new trial.  Appellee has filed a motion seeking rehearing and, after consideration of that motion, we have decided that it is well taken.  Accordingly, our prior opinion is withdrawn and this opinion is substituted in its place.

In this appeal, appellant, acting pro se, raises six issues, asserting the trial court erred by 1) holding that appellee was not liable to him, 2) denying his motion for default judgment, 3) denying him a fair trial, 4) denying him a continuance, 5) denying him the opportunity to subpoena witnesses, and 6) denying him a jury trial.  Logical continuity requires that we discuss appellant’s third and fourth issues before proceeding to discuss his other points in numerical sequence.  

Initially, we note that no reporter’s record has ever been filed.  In an opinion dated March 29, 2000, we were obligated to deny appellant’s motion seeking an order from this court requiring the court reporter to file a free reporter’s record because of his failure to comply with the requirements of Texas Rule of Appellate Procedure 20. 

In the absence of a reporter’s record, we cannot address appellant’s third issue, in which he asserts he was denied a fair trial because of the judge’s prejudice against him as a prisoner.  In argument under that issue, he alleges the court’s decisions and actions were colored throughout trial by “the prism of prejudice of the court toward plaintiff.”  In response, appellee contends the trial judge “did everything in his power to allow the Plaintiff [to] put on his evidence.”  Clearly, this dispute cannot be resolved in the absence of a reporter’s record.  Appellant’s third issue is overruled.  
See 
Tex. R. App. P. 37.3.

In his fourth issue, appellant argues the trial court abused its discretion in denying his motion for continuance.  That motion was based upon the unavailability of his brother, who, he claimed, was a material witness.  Although he contends his motion substantially complied with the requirements of Texas Rules of Civil Procedure 251 and 252, the clerk’s record does not show that he filed the supporting affidavit required by those rules.  That being so, the record does not show error on the part of the trial court.  Appellant’s fourth issue is overruled.

In our original opinion, we sustained appellant’s first issue on the basis that the trial court erred in determining that appellee owed no duty of care to appellant.  However, after considering appellant’s rehearing motion, we agree that even though a duty of care might have been owed, appellant failed to meet his burden to show in the trial court that he suffered any actual damages.

The elements of a cause of action for negligence are well established.  They are: 1) the existence of a legal duty owed by one person to another; 2) a breach of that duty; 3) causation; and 4) damages in the form of an actual injury.  
See
 
Colvin v. Red Steel Company
, 682 S.W.2d 243, 245 (Tex. 1984).  Because actual injury is an element of a negligence claim, an action for negligence cannot be maintained unless some damages result.  
Johnson v. Sovereign Camp, W.O.W., 
125 Tex. 329, 83 S.W.2d 605, 608 (1935), 
overruled on other grounds
, 
Doctors Hospital Facilities v. Fifth Court of Appeals
, 750 S.W.2d 177 (Tex. 1988).  Thus, Texas follows the general principle that a plaintiff must show actual damage to maintain a negligence action.  
See 
22 Am. Jur. 2D 
Damages
 §§ 18, 131 (1988). 

Appellee contends, and appellant does not dispute, that there was no evidence presented at trial of medical expenses, lost wages, or damages of any type.  Further, in its findings of fact, the trial court found that “[t]he collision in question did not proximately cause damages to Plaintiff in the amounts claimed by Plaintiff.”  Findings of fact in a non-jury case have the same force and dignity as a jury’s verdict upon jury questions.  
Catalina v. Blasdel
, 881 S.W.2d 295, 297 (Tex. 1994).  The findings of fact may only be set aside in instances in which the finding is so weak or so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust.  
Cain v. Bain
, 709 S.W.2d 175, 176 (Tex. 1986).  Without a reporter’s record, the findings of fact cannot be reviewed.  
Yoast v. Yoast
, 649 S.W.2d 289, 292 (Tex. 1983).  In view of the trial court’s finding, appellant did not meet his burden to establish a right of recovery under a negligence claim.  Consequently, appellant’s first issue is overruled.

In his second issue, appellant argues the trial judge erred in not granting his motion for default judgment when appellee failed to appear at docket call.  There is no competent evidence in the record to support this allegation.  In any event, the record shows that appellee had filed a written answer to plaintiff’s petition.  In instances in which a defendant has filed an answer placing the merits of a cause of action in issues, as appellee did here, any failure to appear at trial is neither an abandonment of that answer nor is it an implied confession of any disputed issue.  
Frymire Engineering Company, Inc. v. Grantham
, 524 S.W.2d 680, 681 (Tex. 1975).  It is also undisputed that appellee’s counsel appeared and actually tried the case.  Under this record, the trial court did not abuse its discretion in failing to grant a default judgment.  Accordingly, his second issue is overruled.

In his fifth issue, appellant asserts the trial court abused its discretion in denying him an opportunity to have witnesses subpoenaed.  Again, there is nothing in the record supporting this claim.  In his argument under this point, appellant contends he made an oral request for subpoenas.  Even assuming, arguendo, that this is true, appellant again failed to comply with the rules.  The Rules of Civil Procedure outline the methods by which a subpoena is issued and served.  They do not provide for an oral request to the trial judge.  
See 
Tex. R. Civ. P. 176.4 and 176.5.  It is well settled that pro se litigants are held to the same standards as licensed attorneys and that they must comply with applicable laws and rules of procedure. 
 Greenstreet v. Heiskell
, 940 S.W.2d 831, 834 (Tex.App.--Amarillo), 
reh’g denied
, 960 S.W.2d 713 (1997).  If a pro se litigant is not required to comply with the applicable rules of procedure, he would be given an unfair advantage over a litigant who is represented by counsel.  
Id
. at 835.  
See also
 
Holt v. F.F. Enterprises
, 990 S.W.2d 756, 759 (Tex.App.--Amarillo 1998, writ denied).  Under this record, appellant’s fifth issue is overruled.

In his sixth and final issue, appellant claims the trial court abused its discretion in refusing to grant him a jury trial.  Even though the right to a jury trial is constitutionally guaranteed, a party desiring a jury trial must first make timely request and pay the required fee.  Tex. Const. art. 1, § 15, and art. 5, § 10; Tex. R. Civ. P. 216.  The Rules of Civil Procedure provide that a request for jury trial must be filed “a reasonable time before the date set for trial of the cause on the non-jury docket, but not less than ninety days in advance.”  Tex. R. Civ. P. 216.  Nothing in this record shows that appellant made any such timely request.  Appellant’s sixth issue is overruled.

Accordingly, appellee’s motion for rehearing is granted, our prior judgment reversing and remanding this cause is withdrawn and the judgment of the trial court is affirmed.  Appellee’s motion for an 
en banc
 hearing on its motion for rehearing is overruled.

John T. Boyd

 Chief Justice

Do not publish.