## SKIPPING et al. v. SKIPPING et al.

### No. 2307.

Court of Civil Appeals of Texas. Eastland.

Nov. 6, 1942.

Rehearing Denied Dec. 4, 1942.

C. O. McMillan, of Stephenville, and Callaway & Callaway, of Brownwood, for appellants.

McGaugh & Shelton, of Brownwood, for appellees.

FUNDERBURK, Justice.

A tract of 1196 acres of land was owned in common by eight persons, being children, and deriving title as devisees of, William R. Skipping and Ella Skipping. Four of the tenants in common of said land brought this suit against the other four, seeking a partition thereof, together with other land and personal property. Plaintiffs alleged that the land was incapable of a fair and equitable partition in kind, without injuring the value of land and other property. One of the defendants—Charles A. Skipping—being independent executor of the estates of said William R. and Ella Skipping was in that capacity joined as a defendant, as well as individually.

The defendants answered, alleging substantially that all the common property, except the 1196 acres of land, could be equitably partitioned by sale thereof and distribution of proceeds, together with money on hand belonging to the estate. As to said 1196 acre tract (referring to it as 1200 acres) it was alleged, in said answer, that the "four Defendants herein named do not desire to at this time sell their interest in the 1200 acre ranch, but would prefer to have the one-half interest belonging to the said Defendants set aside to them in one block and the other one-half of said land set aside to the four Plaintiffs herein, and that it be sold or partitioned among them as they should see fit". Further allegations were to the effect that the 1196 acre tract was susceptible to division in two parts of equal value and aggregating the value of the whole tract. Defendants prayed that "on hearing hereof the court enter its judgment appointing three commissioners to go upon said land, divide the same into two equal blocks as to value, one of which portions shall be set aside to the four Defendants herein, and they ask that the south portion of the said land containing the set of improvements now occupied by the Defendant, Harry Skipping, be set aside to them, as practicable, and that a commissioner be appointed to sell the other one-half of the said ranch which is allotted to the Plaintiffs herein, and that said commissioners, after making proper field notes showing their dividing line and the valuation of the respective portions thereof, report their findings to the next term of this court", etc.

In a nonjury trial, the court adjudged that the property was not susceptible to partition, in kind; and provided for the sale of all the property, by a receiver, in order to make partition. The defendants have appealed.

There is no contention that the property was susceptible to partition in kind, in the sense that each owner of an interest therein would have his share awarded to him in severalty. The theory of the defendants is that the evidence established conclusively, that there was no necessity for selling the 1196 acre tract in order to effect partition thereof, since defendants, being entitled to one-half of it, and the tract being susceptible to division into two parts of equal value, aggregating the value of the whole tract as a unit, it was, therefore, thus shown that one part could be awarded to defendants, who were willing to accept it without further partition thereof as between themselves; and the other part to the plaintiffs, which latter part could be sold if desired by plaintiffs.

In our opinion there are at least two good answers why this contention cannot

be sustained. In other words, why such facts do not amount to a conclusive showing as a matter of law that the 1196 acre pasture was susceptible to partition in kind.

In the first place, the evidence did not establish conclusively that the 1196 acre ranch was susceptible to division into two parts of equal value with the combined values equal to the value of the whole tract. Upon that question there was evidence both pro and con. We shall not prolong the opinion by setting forth the evidence. In our opinion a casual reading of the statement of facts is entirely convincing that at most the evidence raised an issue of fact impliedly found against the defendants by the judgment declaring the land to be not susceptible to partition in kind.

In the next place, the contention of defendants in our opinion shows a misconception of the rights of plaintiffs under the law. The law makes it the duty of the court before entering the decree of partition to determine "whether the property, or any part thereof, is susceptible of partition; and, if the court determines that the whole, or any part of such property is susceptible of partition, then the court for that part of such property held to be susceptible of partition shall enter a decree directing the partition of such real estate, describing the same, to be made in accordance with the respective shares or interest of each of the parties entitled thereto, specifying in such decree the share or interest of each party, and shall appoint three or more competent and disinterested persons as commissioners to make such partition in accordance with such decree and the law, a majority of which commissioners may act". R.S. 1925, Art. 6087. (It is evident said statute employs the word "partition" in a restricted sense as synonymous with the phrase "partition in kind"). This statute empowers the court to determine that a part of the common property is susceptible to partition (in kind); and the rest of it not susceptible to partition in kind. When, in pursuance of such authority, the court determines that a certain part of the land is susceptible to partition in kind it has no authority to award a share of said tract, definitely located, to one or more of the joint owners and/or to order the rest of such tract to be sold. Under the law no part of a tract of land determined to be susceptible to partition in kind can rightly be sold in order to make partition. From the plain words of the statute it is apparent this would constitute a nullification of the court's determination that a definite part of the land was susceptible to partition in kind. It is equally certain and obvious that as to any tract determined by the court to be susceptible to partition in kind all the joint owners have their individual interests in all of such tract. The court, subject to certain exceptions not important here, as where one of the owners of an undivided interest is a grantee of a specific tract, or has made improvements upon a part of the land, is without lawful authority to restrict the interest of any joint owner in a tract determined to be susceptible to partition in kind, to only a definitely located part of such tract. Neither the court nor the commissioners, which the law directs shall be appointed to make partition of land determined to be susceptible to partition in kind, has lawful authority to say that any particular one or more of the joint owners (without his consent, of course) must have his interest awarded to him in severalty in any particular part of the land. The law, contemplated that it is practically impossible to divide the land into parts of absolutely equal value, has therefore provided that the several shares shall be awarded by lot. Each owner has a legal right to his share, situated in any part of the entire tract, as by lot he may draw. Under the theory of defendants, the plaintiffs in this case would be deprived of such right. As to a part of land which has been determined to be susceptible to partition (in kind) the appointment of commissioners is required. The provision (of R.S.1925, Art. 6094) that after the commissioners have divided the land into shares they "shall then proceed by lot to set apart to each of the parties entitled one of said shares", constitutes a limitation upon the power of the commissioners to determine the locale of the share of any one of the joint owners in the land being partitioned in kind. It is an implied prohibition against either the court's or the commissioners' determining that any one of the plaintiffs in the instant case shall be required to take his share out of the north (south, east, or west) half of the 1196 acre pasture.

If the court had adopted such theory and had adjudged the land to be susceptible to division into two parts of equal value, the value of such parts aggregating the value of the whole, and had directed the commissioners to award one part to the plaintiffs, or if instead the court had or-

dered such part to be sold, we think any such action would have constituted error manifest of record as was held in Hilgers v. Fannin, 294 S.W. 341.

It follows that in our opinion the judgment should be affirmed. It is accordingly so ordered.