Lea BENSON, Appellant,

v.

Estelle M. FOX, Appellee.

No. 1276.

Court of Civil Appeals of Texas, Tyler.

Oct. 25, 1979.

W. Emerson Stone, Jr., Stone & Stone, Jacksonville, for appellant.

Larry R. Sinclair, Cox, Holcomb & Sinclair, Rusk, for appellee.

MOORE, Justice.

This is a partition suit. In 1976, Mrs. Estelle Fox, appellee, and her sister, Mrs. Lea Benson, appellant, purchased a vacant lot in the city of Rusk, Texas. Each paid one half of the purchase price of the lot, but

title was taken in Mrs. Benson's name only. Mrs. Fox moved her mobile home on the lot, and shortly thereafter Mrs. Benson moved her mobile home on the lot. In time, petty disputes led to their total estrangement. As a result, Mrs. Fox brought suit, requesting the court to: (1) find a resulting trust in her favor; (2) award her an undivided one-half interest in the lot; and (3) partition the lot under Rule 756 *et seq.* of the Texas Rules of Civil Procedure.[1] In her answer, Mrs. Benson admitted that Mrs. Fox owned an undivided one-half interest in the lot and that she held title in trust for her. Mrs. Benson, however, resisted the suit for partition on the grounds that the parties had entered into an agreement that the property would not be partitioned until after the death of the survivor, and prayed for a declaratory judgment to that effect. Trial was before the court without a jury. The trial court, without appointing commissioners to make the partition as required by Rule 761, entered a judgment awarding Mrs. Fox the north one half and Mrs. Benson the south one half of the lot. Thereafter appellant, Mrs. Benson, duly perfected this appeal.

We affirm in part and reverse and remand in part.

The record reveals that the lot in question is bounded on the west by Daniel Street and runs along the street at a distance of 119 feet. It is approximately 126 feet in depth. When Mrs. Fox moved her mobile home on the lot, she placed it near the center of the lot parallel to the street. Later, when Mrs. Benson moved her mobile home on the lot, she placed it in front of and parallel to Mrs. Fox's, leaving a distance between them of only five feet. At that time the parties intended to construct a passageway between the two homes. Mrs. Benson later constructed a carport and a driveway on the south edge of the lot.

In order to comply with the partition judgment rendered by the court, each party would have been required to move their mobile homes. Also, because both homes were served by the same utility lines, it would have been necessary for each party to construct additional water, sewer, and electrical lines.

According to the undisputed testimony of Mrs. Benson there was ample space on either side of her home in which Mrs. Fox could move her home if placed perpendicular to the street. Mrs. Benson testified that she was opposed to the partition because of the expense involved in moving her home and reconstructing the utility lines. She further testified that she was opposed to the partition because she and her sister had agreed that the lot would not be partitioned until the death of the survivor. Mrs. Fox denied making any such agreement. She testified that she had received an estimate from a moving contractor agreeing to move both homes for the sum of $1,500.00 and agreeing to reconstruct the utility lines for the sum of $465.00.

Appellant, Lea Benson, seeks a reversal of the partition judgment by two points of error. In her first point she contends that the trial court erred in partitioning the lot without appointing commissioners to make the partition as required by Rule 761. Under her second point she contends that the trial court erred in partitioning the lot because under the evidence the parties should have been held to have impliedly agreed that the lot would not be partitioned until the death of the survivor. Appellant's second point will be discussed first.

Although the general rule states that the right to partition is absolute, this rule was never intended to interfere with contracts between cotenants modifying or limiting such right. An express agreement not to partition will be honored by the courts and an agreement against partitioning will be implied, when the granting of such relief would destroy the estate sought to be partitioned. *Lichtenstein v. Lichtenstein Building Corp.*, 442 S.W.2d 765, 769 (Tex.Civ.App.—Corpus Christi 1969, no

---

1. All references to rules are to the Texas Rules of Civil Procedure; all references to statutes are to Texas Revised Civil Statutes Annotated.

writ), citing *Warner v. Winn,* 191 S.W.2d 747 (Tex.Civ.App.—San Antonio 1945, writ ref'd n. r. e.). If by contract the parties impliedly agreed not to partition, then the party who sought a partition will be estopped to assert such a right. *Odstrcil v. McGlaun,* 230 S.W.2d 353, 354–55 (Tex.Civ. App.—Eastland 1950, no writ).

The record is before us without findings of fact and conclusions of law. Although the court made several findings in the judgment, the court made no findings on appellant's contention that the parties agreed not to partition the lot. Therefore, in support of the judgment, we must presume that the trial court concluded that appellant failed to establish by a preponderance of the evidence the existence of either an express or implied agreement not to partition. In other words, it must be presumed that the court made a negative finding on such issue. Under these circumstances, appellant must argue and demonstrate that the evidence shows, as a matter of law, that the parties expressly or impliedly agreed not to partition the lot. *C. & R. Transport, Inc. v. Campbell,* 406 S.W.2d 191 (Tex.1966); *Prunty v. Post Oak Bank,* 493 S.W.2d 645, 646–47 (Tex.Civ.App.— Houston [14th Dist.] 1973, writ ref'd n. r. e.); *Smith v. Safeway Stores, Inc.,* 433 S.W.2d 217, 218–19 (Tex.Civ.App.—Tyler 1968, writ ref'd n. r. e.); see also Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error,* 38 Tex.L.Rev. 361 (1960).

Appellant makes no contention that the evidence establishes, as a matter of law, that the parties entered into an express agreement not to partition the lot. It is her contention that the acts and conduct of the parties, when taken together with the other facts and circumstances, establish as a matter of law an implied agreement not to partition the lot. She argues that the conduct of the parties, in placing the mobile homes in the center of the lot in close proximity to one another and in constructing the utility lines so that each line would serve both homes, shows, as a matter of law that the parties impliedly agreed that the lot would not be partitioned. Alternatively,

she argues that the judgment would have the effect of destroying the estate sought to be partitioned. In our view, the facts relied on by appellant fails to establish that the parties impliedly agreed, as a matter of law, not to partition the lot. Although the evidence shows that it would be expensive to move the homes, there is no testimony by any witness that the partition decreed by the court would destroy the estate sought to be partitioned. Appellant's second point is overruled.

In her first point, appellant complains of the action by the trial court in decreeing a partition without appointing commissioners to make the partition as required by Rule 761. We have concluded that this contention must be sustained.

The rule last mentioned superceded Article 6087; however, the statute and the rule are identical. Rule 761 provides in part that if the court concludes that the property is susceptible of partition,

"then the court for that part of such property held to be susceptible of partition shall enter a decree directing the partition of such real estate,  .  .  . and *shall* appoint three or more competent and disinterested persons as commissioners to make such partition in accordance with such decree and the law, a majority of which commissioners may act." (Emphasis ours.)

The law makes it the duty of the court, before entering a decree of partition, to determine whether the property is susceptible of partition. It is evident that Rule 761 employs the word "partition" in a restricted sense as synonymous with the phrase "partition in kind." *Skipping v. Skipping,* 166 S.W.2d 164, 166 (Tex.Civ.App. —Eastland 1942, writ ref'd w. o. m.). Where the trial court finds that the property is susceptible to partition in kind and such finding is supported by the evidence, the appointment of commissioners to make the partition is mandatory. *Bouquet v. Belk,* 376 S.W.2d 361, 362 (Tex.Civ.App.— San Antonio 1964, no writ); *Skipping v. Skipping,* supra. The failure of the court to appoint commissioners in accordance with

Rule 761 constitutes reversible error. *Bouquet v. Belk,* supra.

In the instant case, the trial court found that the lot in question was susceptible of partition in kind. Appellant brings no point of error challenging such finding on the ground that there is no evidence to support it. In view of the unchallenged finding that the property was susceptible of partition in kind, it became the duty of the trial court to appoint commissioners to make the partition. Accordingly, that portion of the judgment in which the court awarded appellant the south one half and appellee the north one half of the lot must be reversed.

▮ Appellee maintains that the appointment of commissioners was not necessary because the court had the power to make a partition under equitable principles, and therefore the judgment may be sustained on that basis. In support of her contention, appellee relies on the case of *Thomas v. Southwestern Settlement & Development Co.,* 132 Tex. 413, 123 S.W.2d 290 (1939). In *Thomas,* a certified question was presented in which the court had to determine whether the doctrine of equitable partition was applicable under the facts of the case. The doctrine of equitable partition, the court explained, arises when a cotenant has conveyed specific portions of the land to third parties. It allows the court to make a partition so as to protect the vendee's interest in the part of the land conveyed to him to the extent that it can be done without prejudice to the other cotenants. Under the facts presented the court merely held that the doctrine of equitable partition was not applicable. Since the present case does not involve an equitable partition, the decision therefore is distinguishable on the facts and is not controlling.

▮ Appellant relies, however, on the following statement made by the court in the course of its opinion:

"A partition suit, therefore, under the statute is not strictly a proceeding at law, for it is governed by the rules of equity in all things not expressly provided for in the statute. Furthermore, procedure under the statute is not obligatory. The court may administer relief upon the principles of equity without the aid of the statute."

Appellant construes the above language to mean that the trial court in a partition suit is authorized to exercise its discretion to make a partition either under its equitable power or by appointing commissioners to make the partition. We do not believe the court's pronouncement is subject to such an interpretation. As we construe the statement, the court merely explained that had the facts in the case established that the doctrine of equitable partition was applicable, the court could have partitioned the property without the aid of commissioners.

▮ Rule 776, which superceded Article 6106, provides that no provision of the rules relating to partition is to preclude partition in any other manner authorized by the rules of equity. As pointed out in *Thomas* it has long been the law in this state that where the doctrine of equitable partition is applicable, the trial court may partition the property without the aid of commissioners. Other cases have stated that where a partition in kind plainly cannot be made, the court is not required to go through the idle form of appointing commissioners, but may effect a partition by ordering the property sold and dividing the proceeds. *Dakan v. Dakan,* 125 Tex. 305, 83 S.W.2d 620, 629 (1935); *Kalteyer v. Wipff,* 92 Tex. 673, 52 S.W. 63, 68 (1899). Our research reveals that the courts have uniformly followed the practice of appointing commissioners in accordance with the statute or rules, except in situations where the appointment of commissioners was found to be wholly inadequate to meet the exigencies of the controversy. In our opinion the latter situation does not exist in the present case.

This brings us to the question of what disposition should be made of the appeal since the error in failing to appoint commissioners affects only a portion of the matter in controversy.

Rule 434 now provides:

". . . if it appear to the court that the error affects a part only of the matter in controversy and that such part is clearly separable without unfairness to the parties, the judgment shall only be reversed and a new trial ordered as to that part affected by such error . . ."

It is without dispute that appellant holds an undivided one-half interest in the lot in trust for Mrs. Fox. We have sustained the trial court's implied finding that no agreement existed between the parties that the lot would not be partitioned.

 We have also sustained the trial court's finding that the lot was susceptible of partition in kind. Thus, all issues raised by the pleadings in the action for partition have been tried and determined. In a partition suit two judgments are rendered. The first decree determines: the share or interest of each of the joint owners or claimants; all questions of law or equity affecting the title; and appoints commissioners and gives them directions as may be necessary and appropriate. Tex.R.Civ.P. 760, 761. The second decree approves the report of the commissioners and allocates to the respective parties their separate shares or tracts. Tex.R.Civ.P. 769. The rights and matters determined in the first decree are final, and it is appealable as a final judgment. *Mansfield v. Davenport,* 362 S.W.2d 912 (Tex.Civ.App.—San Antonio 1962, writ ref'd n. r. e.); *Marmion v. Wells,* 246 S.W.2d 704, 705–06 (Tex.Civ.App.—San Antonio 1952, writ ref'd).

In the instant case all issues that were the basis of the partition decree have been determined. It is only the manner in which the partition decree was put into effect that is erroneous. There is no reason to require the parties to retry the separable issues in the case that have been correctly litigated and determined. *Young v. Hicks,* 559 S.W.2d 343 (Tex.1977). Therefore, pursuant to Rule 434, that portion of the judgment awarding appellant and appellee the south and north one half of the lot, respectively, will be reversed and remanded so that the court will be authorized to appoint

and instruct commissioners and complete the partition as required by Rules 761–71. In all other respects the judgment is affirmed.

Affirmed in part and reversed and remanded in part.

SUMMERS, C. J., not sitting.