ACCEPTED
04-14-00527-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
5/7/2015 10:07:53 AM
KEITH HOTTLE
CLERK

# No. 04-14-00527-CV

# In the Fourth Court of Appeals
# San Antonio, Texas

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
05/7/2015 10:07:53 AM
KEITH E. HOTTLE
Clerk

## ANNA MARIA SALINAS SAENZ, *ET AL.*
### APPELLANT

### v.

## THORP PETROLEUM CORP., *ET AL.*
### APPELLEES

### PLAINTIFF/APPELLEE

On Appeal from the 229th District Court
Starr County, Texas
No. DC-04-120

# APPELLANTS' REPLY BRIEF AND SUPPLEMENTAL APPENDIX

Roger S. Braugh, Jr.
Texas Bar No. 00796244
SICO, WHITE, HOELSCHER,
 HARRIS, & BRAUGH, LLP
900 Frost Bank Plaza
802 N. Carancahua
Corpus Christi, Texas 78470
Phone: (361) 653-3300
Fax:   (361) 653-3333
rbraugh@swbtrial.com

David George
Texas Bar No. 00793212
CONNELLY•BAKER•WOTRING LLP
700 JPMorgan Chase Tower
600 Travis Street
Houston, Texas 77002
Phone:  (713) 980-1700
Fax:  (713) 980-1701
dgeorge@connellybaker.com

*Counsel for Appellants*

## ORAL ARGUMENT REQUESTED

# TABLE OF CONTENTS

Table of Contents ................................................................................. ii

Index of Authorities ........................................................................... iv

Argument ............................................................................................ 1

I. The Juana Salinas and Leoncio Salinas claimants have standing to bring this appeal. .................................................... 1

   A. The partition agreement purports to take away Juana Salinas' interest in the mineral estate, so the Juana Salinas claimants have standing to bring this appeal. ........ 2

   B. Leoncio Salinas continued to own an interest in part of the 1,134 acres, but the partition agreement purports to take away all of his interest in the 1,134 acres, so the Leoncio Salinas claimants have standing to bring this appeal. ............................................................................... 5

      1. Leoncio Salinas' conveyance to Horacio Salinas was not an equitable partition of Leoncio Salinas' interest in the entire 1,134 acres ................................... 6

      2. The Defendants have given up their claim of an oral partition. .................................................................... 8

      3. Fausto Salinas' testimony that Leoncio Salinas supposedly told him that he no longer had any interest in the property is not conclusive evidence, so it could not support summary judgment in the Defendants' favor. ......................................................... 9

II. The partition agreement is not binding because it was not signed by all of the affected property owners. ........................... 10

III. The Defendants were not entitled to summary judgment on their affirmative defenses of estoppel, ratification, and acquiescence because they did not conclusively establish that the Plaintiffs accepted the benefits of the partition. ......... 15

IV. The Defendants did not conclusively establish their adverse-possession affirmative defense because they did not show that they adversely possessed the mineral estate, as opposed to merely possessing the surface estate......18

V. The Plaintiffs did not waive their claim for past damages.......21

    A.   Smith Production joined in Thorp's summary-judgment motion, which raised lack of damages as a summary-judgment ground..............................................................................22

    B.   Thorp's counsel agreed in writing that the damages issue was based on its argument that the partition agreement was valid, so it was not a separate issue. ........23

    C.   The Plaintiffs included the written agreement with Thorp in the summary-judgment record and stated that, based on the agreement, they understood that damages were not a separate issue. ...................................25

    D.   Neither Thorp nor Smith Production objected to the Plaintiffs' characterization of the agreement on the damages issue or claimed that the Plaintiffs had to provide damages evidence apart from showing that the partition agreement was invalid. ..................................26

    E.   This Court should reject the Defendants' attempt to ignore the Rule 11 agreement and obtain an advantage through trickery and gamesmanship. ................................26

Prayer ...........................................................................................28

Certificate of Service....................................................................30

Certificate of Compliance .............................................................31

Supplemental Appendix

    Email Between Plaintiffs' Counsel and Thorp's Counsel Regarding Scope of Summary-Judgment Motion (9 CR 3159-3161)................................................................A

iii

# INDEX OF AUTHORITIES

**Cases**

*Benson v. Fox,*
589 S.W.2d 823 (Tex. Civ. App.—Tyler 1979, no writ) ......................... 6

*Birdwell v. Am. Bonding Co.,*
337 S.W.2d 120 (Tex. Civ. App. Fort Worth 1960, writ ref'd n.r.e.) .... 20

*Bruni v. Vidaurri,*
166 S.W.2d 81 (Tex. 1942) .................................................................... 14

*City of Keller v. Wilson,*
168 S.W.3d 802 (Tex. 2005) .................................................................. 10

*Condra v. Grogan Mfg. Co.,*
233 S.W.2d 565 (Tex. 1950) .................................................................. 14

*Dixon v. Henderson,*
267 S.W.2d 869 (Tex. Civ. App.—Texarkana 1954, no writ) .............. 20

*Draker v. Schreiber,*
271 S.W.3d 318 (Tex. App.—San Antonio 2008, no pet.) ...................... 9

*Gamboa v. Gamboa,*
383 S.W.3d 263 (Tex. App.—San Antonio 2012, no pet.) .................... 21

*Garza v. DeMontalvo,*
217 S.W.2d 988 (Tex. 1949) .............................................................. 11-13

*Huckabee v. Time Warner Ent. Co.,*
19 S.W.3d 413 (Tex. 2000) ..................................................................... 9

*In re Estate of Denman,*
270 S.W.3d 639 (Tex. App.—San Antonio 2008, pet. denied) ............... 5

*Joyner v. Christian,*
113 S.W.2d 1229 (Tex. 1938) ............................................................... 15

*King Ranch, Inc. v. Chapman,*
118 S.W.3d 742 (Tex. 2003) .................................................................. 14

*Majeed v. Hussain,*
  No. 02-08-00679-CV, 2010 WL 4137472 (Tex. App.—Austin
  Oct. 22, 2010, no pet.) ...................................................................... 28

*Natural Gas Pipeline Co. v. Pool,*
  124 S.W.3d 188 (Tex. 2003) .........................................................18-20

*Poenisch v. Quarnstrom,*
  361 S.W.2d 367 (Tex. 1962) ............................................................... 14

*Potter v. Kaufman & Broad Home Sys. of Tex., Inc.,*
  137 S.W.3d 701 (Tex. App.—San Antonio 2004, no pet.) ..................... 21

*Republic Prod. Co. v. Lee,*
  121 S.W.2d 973, 977 (Tex. 1938) .............................................11, 13-14

*Stradt v. First United Methodist Church,*
  573 S.W.2d 186 (Tex. 1978) ............................................................... 11

*Strong v. Garrett,*
  224 S.W.2d 471, 476 (Tex. 1949) ........................................................ 14

*Thomas v. Sw. Settlement & Dev. Co.,*
  123 S.W.2d 290 (Tex. 1939) .................................................6, 10, 12, 14

**Rules**

TEX. R. APP. P. 38.3 ............................................................................ 21

TEX. R. APP. P. 38.7 ............................................................................ 28

TEX. R. CIV. P. 11 ............................................................................... 25

# ARGUMENT

This Court should reverse the summary judgment and remand this case for trial.

## I. The Juana Salinas and Leoncio Salinas claimants have standing to bring this appeal.

The Defendants argue that the Plaintiffs who claim their ownership interests through Original Grantees Juana Salinas and Leoncio Salinas do not have standing to bring this appeal because supposedly they have not been harmed by the trial court's judgment.[1]

The Defendants are incorrect. Those Plaintiffs have been harmed by the existence of the partition agreement that purports to convey their interests in the property and by the trial court entering a declaratory judgment stating that the partition agreement was valid and enforceable. Therefore, they have standing to bring this appeal

---

[1] *See* Ind. Def. Br. at 38-39; Oil Co. Br. at 16-23. The brief filed by the individual defendants (Rosalinda Salinas Balderas, *et al.*) will be referred to as the "Ind. Def. Br." The joint brief filed by the oil company defendants Smith Production, Inc. and Thorp Petroleum Corp., *et al.*, will be referred to as the "Oil Co. Br.".

**A.    The partition agreement purports to take away Juana Salinas' interest in the mineral estate, so the Juana Salinas claimants have standing to bring this appeal.**

The Defendants argue that the Plaintiffs claiming through Original Grantee Juana Salinas do not have standing to bring this appeal because (1) the Defendants agreed in the trial court that Juana Salinas continued to own an undivided mineral interest in the 1,134 acres after the partition agreement, and (2) the trial court's order regarding payment of the interpleaded royalties reflected that Juana Salinas continued to own that undivided interest.[2]

Regardless the positions the Defendants took during the litigation, or how interpleaded royalties were disbursed, the Juana Salinas claimants have been harmed because the trial court entered a declaratory judgment stating that the partition agreement was enforceable.[3]

When Juana Salinas sold her interest in the 1,134 acres to her brother Octavio, she expressly reserved the mineral interest.[4]  So Juana

---

[2] Ind. Def. Br. at 38 (citing 12 CR 4181; 14 CR 5288); Oil Co. Br. at 16-19.

[3] 14 CR 5294 (App. A); 9 CR 3313 (App. C).

[4] 7 CR 2322-2325; 7 CR 2323 ("It is strictly understood and herein stipulated that this conveyance is a conveyance solely and alone of the surface to the land hereinabove described.  Grantors do hereby reserve and retain unto themselves,

2

Salinas no longer owned any interest in the surface estate of the 1,134 acres, but still owned her interest in the mineral estate.[5]  Even though Juana Salinas did not sign the partition agreement, the partition agreement purports to convey her undivided interest in the mineral estate.[6]

The partition agreement expressly states that it "is a partition not only of the surface" of the property, but that it "shall cover and include all of the minerals of every kind, character and description underlying each of the tracts" included in the agreement.[7]  The partition agreement states that "the allottees of a parcel or tract of land as hereinabove described shall from henceforth be the owner of all of the minerals of every kind and character in and under the respective parcel and tract of land as allotted and set apart to the respective allottees."[8]  So each person received the mineral interests under the surface interest that

_____

their heirs and assigns, all of the minerals of every kind, character and description, including, but not limited to oil and gas ….").

[5] 7 CR 2300; 7 CR 2322-2325.  Juana, therefore, had an undivided 1/12 of 15/32 interest in the 1,134 acres' mineral estate.

[6] *See* Plt. Br. at 16-17.

[7] 7 CR 2349 (App. F).

[8] 7 CR 2350 (App. F).

they received in the partition agreement.[9] The partition agreement, therefore, purported to convey all of the mineral interests to the 1,134 acres, which included Juana Salinas' retained undivided 1/12 of 15/32 interest in the mineral estate.[10]

The trial court refused to enter a declaratory judgment stating that the partition agreement was void as to Juana Salinas and the Plaintiffs claiming through her.[11] Instead, the trial court's final judgment expressly states that the partition agreement is "valid and enforceable for all purposes as to all parties to this suit."[12] Therefore—according to the final judgment that the trial court entered—the partition agreement's attempt to strip Juana Salinas of her undivided interest in the mineral estate is valid and enforceable.

The Plaintiffs claiming through Juana Salinas, therefore, have been harmed by the final judgment that upholds the validity of the partition agreement that purports to extinguish their interest in the

---

[9] *Id.*

[10] 7 CR 2322-2325; 7 CR 2338-2359 (App. F).

[11] 14 CR 5294 (App. A).

[12] *Id.*; *see also* 9 CR 3313 (App. C) (Order Granting Individual Defendants' Summary-Judgment Motion) (the partition agreement "is valid, binding and effective for all purposes").

4

mineral estate. Because those Plaintiffs have been harmed by the trial court's final judgment, they have standing to bring this appeal.[13]

> **B. Leoncio Salinas continued to own an interest in part of the 1,134 acres, but the partition agreement purports to take away all of his interest in the 1,134 acres, so the Leoncio Salinas claimants have standing to bring this appeal.**

The Defendants base their argument that the Leoncio Salinas claimants do not have standing on their argument that Leoncio Salinas had no interest in the 1,134 acres at the time of the partition agreement.[14] But as the Plaintiffs explained in their opening brief, Leoncio Salinas continued to own his undivided interest in 920 of the 1,134 acres after he conveyed his interest in 214 of the 1,134 acres to his brother Horacio Salinas.[15]

Because Leoncio Salinas continued to own an interest in part of the 1,134 acres at the time of the partition agreement, the Plaintiffs claiming ownership through him have standing to challenge the partition agreement.[16]

---

[13] *See In re Estate of Denman*, 270 S.W.3d 639, 642 (Tex. App.—San Antonio 2008, pet. denied).

[14] Ind. Def. Br. at 39; Oil Co. Br. at 19-23.

[15] Plt. Br. at 18-19.

[16] *Id.*

### 1. Leoncio Salinas' conveyance to Horacio Salinas was not an equitable partition of Leoncio Salinas' interest in the entire 1,134 acres.

The Defendants claim that Leoncio Salinas and Horacio Salinas equitably partitioned the 1,134 acres by granting Horacio Salinas total ownership over 214 acres in exchange for Leoncio Salinas giving up his entire interest in the entire 1,134 acres.[17] But the equitable-partition argument invalid for at least two reasons:

- An equitable partition requires a court-entered partition decree to be effective, and the Defendants neither sought nor obtained a decree; and

- An equitable partition requires ratification by all affected property owners, and Juana Salinas—who continued to own an undivided interest in the mineral estate of the entire 1,134 acres—did not ratify it.

In their opening brief, the Plaintiffs explained that while equitable partition is a valid doctrine, it does not apply here.[18] The Plaintiffs explained that an equitable partition becomes effective only when it is entered by a court as part of a partition decree.[19] The Defendants never sought—or received—a partition decree in this case,

---

[17] Oil Co. Br. at 20-23.

[18] Plt. Br. at 15 n.70.

[19] *Benson v. Fox*, 589 S.W.2d 823, 827 (Tex. Civ. App.—Tyler 1979, no writ) (equitable partition "allows the court to make a partition") (emphasis added); *Thomas v. Sw. Settlement & Dev. Co.*, 123 S.W.2d 290, 299-300 (Tex. 1939).

6

so equitable partition is not at issue.[20]  The Defendants do not dispute that equitable partition requires a court decree and that they do not have one.[21]  That reason, by itself, justifies rejecting the Defendants' argument that Leoncio Salinas' conveyance to Horacio Salinas was an equitable partition.

In addition to lacking a court equitable-partition decree, the Defendants also have not shown that all of the affected parties ratified the alleged Leoncio Salinas/Horacio Salinas partition.  The Defendants base their ratification claim on the fact that the other siblings supposedly signed the partition agreement.[22]  But it is undisputed that Juana Salinas did not sign the partition agreement and, as explained above, Juana Salinas continued to have an interest in the 1,134 acres at the time the partition agreement was signed.[23]  The fact that Juana Salinas did not ratify the alleged Leoncio Salinas/Horacio Salinas partition, by itself, justifies rejecting the Defendants' argument that

---

[20] 14 CR 5291-5296 (App. A); 14 CR 5307-5309 (App. B); 9 CR 3312-3315 (App. C); 9 CR 3316-3317 (App. D).

[21] Oil Co. Br. at 23.

[22] Ind. Def. Br. at 40; Oil Co. Br. at 22-23.

[23] *See* § I(A) above; 7 CR 2338-2359 (App. F).

Leoncio Salinas' conveyance to Horacio Salinas was an equitable partition.

Therefore, Leoncio Salinas' conveyance to Horacio Salinas did not convey all of his interest in the 1,134 acres. Instead, Leoncio Salinas conveyed his undivided interest in 214 of the 1,134 acres, retaining an undivided interest in 920 acres.

### 2. The Defendants have given up their claim of an oral partition.

In the trial court, the Defendants argued that even if the written partition agreement was not valid, the mineral interests had still been partitioned because all of the owners orally agreed to partition the 1,134 acres' mineral interests.[24] In their opening brief, the Plaintiffs explained why the Defendants' "oral partition" argument was invalid.[25]

When forced to defend their "oral partition" argument, the Plaintiffs gave up. In their brief, the Defendants admit that they are no longer relying on their claim of a supposed "oral partition" to support the summary judgment.[26]

---

[24] 7 CR 2303; 8 CR 2843.

[25] Plt. Br. at 19-20.

[26] Ind. Def. Br. at 45 ("The Salinas Defendants do not rely on the oral partition agreement to show the partition's validity").

### 3. Fausto Salinas' testimony that Leoncio Salinas supposedly told him that he no longer had any interest in the property is not conclusive evidence, so it could not support summary judgment in the Defendants' favor.

The Defendants claim that Leoncio Salinas told Defendant Fausto Salinas that he did not have any interest in the 1,134 acres after his conveyance to Horacio Salinas.[27]  The Defendants claim that this evidence negates the Plaintiffs' argument that Leoncio Salinas had an interest in part of the 1,134 acres at the time of the partition agreement.[28]

Because they filed a traditional summary-judgment motion on this issue, the Defendants had to conclusively negate the Plaintiffs' argument that Leoncio Salinas continued to have an interest in part of the 1,134 acres after his conveyance to Horacio Salinas.[29]  To be conclusive evidence, Fausto Salinas' testimony about what Leoncio Salinas supposedly told him years ago had to be "clear, positive, direct,

---

[27] *Id.*

[28] *Id.*

[29] *Huckabee v. Time Warner Ent. Co.*, 19 S.W.3d 413, 420 (Tex. 2000) ("In Texas, under our traditional summary judgment procedure, defendants can obtain summary judgment only if they conclusively negate one of the elements of the plaintiff's claim."); *Draker v. Schreiber*, 271 S.W.3d 318, 321 (Tex. App.—San Antonio 2008, no pet.) ("A defendant moving for summary judgment must conclusively negate at least one essential element of each of the plaintiff's causes of action or conclusively establish each element of an affirmative defense.").

9

otherwise credible, free from contradictions and inconsistencies, and could have been readily controverted."[30]

The Defendants did not meet the requirement for conclusive evidence because Fausto Salinas' testimony about what Leoncio Salinas supposedly told him could not "have been readily controverted" because Leoncio Salinas was dead.[31] With Leoncio Salinas dead, Fausto Salinas could concoct any story he wished about what Leoncio Salinas had told him in private, and there would be no one able to rebut that claim. That fact alone means that Fausto Salinas' testimony about what Leoncio Salinas told him is not conclusive evidence and cannot support the summary judgment in the Defendants' favor.

## II.    The partition agreement is not binding because it was not signed by all of the affected property owners.

As the Plaintiffs explained in their opening brief, the Texas Supreme Court has held that "a partition attempted to be made without joinder of all of the cotenants is ineffective when made."[32] The Supreme Court has held that a "voluntary partition of land must be based on the

---

[30] *City of Keller v. Wilson*, 168 S.W.3d 802, 820 (Tex. 2005).

[31] Oil Co. Br. at 2 n.15.

[32] *Thomas*, 123 S.W.2d at 299.

agreement of all parties with a possessory interest."[33]  Because neither

Juana Salinas nor Leoncio Salinas signed the partition agreement, it is

void and not enforceable against any party.[34]

The Defendants argue that the partition agreement is binding on

the Plaintiffs who claim through the siblings who signed the

agreement.[35]  So—according to the Defendants' argument—the

Plaintiffs who claim through the Original Grantees other than Juana

Salinas and Leoncio Salinas are bound by the partition agreement, even

if it is void as to the Plaintiffs claiming through Juana Salinas and

Leoncio Salinas.

The Defendants rely on two Texas Supreme Court cases to support

their argument that a partition agreement that was not signed by all of

the parties is valid against the signatories:  *Garza v. DeMontalvo*[36] and

*Republic Production Co. v. Lee*.[37]  A close analysis of these cases,

however, shows that they do not support the Defendants' argument.

---

[33] *Stradt v. First United Methodist Church*, 573 S.W.2d 186, 190 (Tex. 1978) ("A voluntary partition of land must be based on the agreement of all parties with a possessory interest thereto and cannot be the result of a unilateral decision.").

[34] Plt. Br. at 14-15; 7 CR 2338-2359 (App. F).

[35] Ind. Def. Br. at 49-52; Oil Co. Br. at 14-16, 23-26.

[36] *Garza v. DeMontalvo*, 217 S.W.2d 988 (Tex. 1949).

[37] *Republic Prod. Co. v. Lee*, 121 S.W.2d 973, 977 (Tex. 1938).

Instead, the proper rule is that, as the Texas Supreme Court held in *Thomas v. Southwestern Settlement & Development Co.*, "a partition attempted to be made without joinder of all of the cotenants is ineffective when made."[38]

The Defendants argue that in *Garza*, the Texas Supreme Court held that "[a] partition agreement does not have to be signed by all parties who have a mineral interest under the partitioned acreage in order to be valid and enforceable."[39] The Defendants misstate the holding in *Garza*.

In *Garza*, ten family members signed a partition agreement that attempted to partition the mineral interests.[40] But an oil company owned a working interest in the mineral estate, so not all of the affected parties had joined in the partition agreement, making it invalid.[41] The oil company, however, did not object to the partition agreement that it had not signed—instead, it wanted the partition agreement upheld.[42]

---

[38] *Thomas*, 123 S.W.2d at 299.

[39] Oil Co. Br. at 14 (citing *Garza*, 217 S.W.2d at 992).

[40] *Garza*, 217 S.W.2d at 989-92.

[41] *Id.*

[42] *Id.*

The Supreme Court held that "under these facts," the people who signed the partition agreement were bound by it.[43]

In *Garza*, the Supreme Court expressly held that it was not addressing the effect on the parties' rights if the oil company had objected to the partition agreement.[44] *Garza*, therefore, stands for the proposition that a partition agreement that is not signed by all parties is still effective if the parties who did not sign do not object to the partition.[45] That is certainly not the case here, where the Plaintiffs claiming through non-signatories Juana Salinas and Leoncio Salinas are objecting to the partition agreement. The Supreme Court expressly held that *Garza* does not apply in this circumstance.[46]

Similarly, *Republic Production Co. v. Lee* does not support the Defendants argument. The Defendants base their argument on a statement in *Lee* taken out of context.[47] The Supreme Court stated that "[e]ven if the instruments of conveyance were void, the partition was

---

[43] *Id.* at 992.

[44] *Id.* ("The question of what rights, if any, the lessee or his assignee would have to object to a partition by the lessors of their interests, or what would be the effect of such objection, is therefore not presented in this case.").

[45] *Id.*

[46] *Id.*

[47] *See* Ind. Def. Br. at 50-51.

nevertheless valid as to those who participated therein."[48] But in that case, the Supreme Court was addressing issues related to adverse possession and whether co-tenants had notice of ouster.[49] That is a wholly separate issue from whether the Plaintiffs claiming through the parties who signed the partition agreement are bound by the agreement, which is the issue here.

It appears that in the over seventy-five years since it was issued, *Lee* has never been cited for the proposition that the Defendants are claiming. Instead, it has been cited on the issue of whether one co-tenant has ousted another for purposes of adverse possession.[50] So Texas courts have not interpreted it as applying beyond the adverse-possession realm.

This Court, therefore, should follow the Texas Supreme Court's rule that "a partition attempted to be made without joinder of all of the cotenants is ineffective when made."[51] This Court should hold that

---

[48] *Lee*, 121 S.W.2d at 266.

[49] *Id.*

[50] *See, e.g., King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 756 (Tex. 2003); *Poenisch v. Quarnstrom*, 361 S.W.2d 367, 370 (Tex. 1962); *Condra v. Grogan Mfg. Co.*, 233 S.W.2d 565, 569 (Tex. 1950); *Strong v. Garrett*, 224 S.W.2d 471, 476 (Tex. 1949); *Bruni v. Vidaurri*, 166 S.W.2d 81, 87 (Tex. 1942).

[51] *Thomas*, 123 S.W.2d at 299.

14

because neither Juana Salinas nor Leoncio Salinas signed the partition agreement, it is void and not enforceable against any party.[52]

**III.  The Defendants were not entitled to summary judgment on their affirmative defenses of estoppel, ratification, and acquiescence because they did not conclusively establish that the Plaintiffs accepted the benefits of the partition.**

The Defendants did not conclusively established their affirmative defenses of estoppel, ratification, or acquiescence, so they trial court erred when it granted summary judgment against the Plaintiffs on those defenses.[53]

To establish their equitable affirmative defenses, the Defendants had to conclusively establish that the Plaintiffs accepted the benefits of the alleged partition of the mineral interests—not the partition of the surface estate.[54]  The Defendants did not do that because they did not provide any evidence—let alone conclusively establish—that the Plaintiffs accepted payments based on the *mineral* estate being partitioned.[55]

---

[52] Plt. Br. at 14-15.

[53] *See* Plt. Br. at 29-31; Ind. Def. Br. at 53-59; Oil Co. Br. at 26-31.

[54] Plt. Br. at 29-31; *Joyner v. Christian*, 113 S.W.2d 1229, 1232-33 (Tex. 1938).

[55] Oil Co. Br. at 29-31.

The Plaintiffs provided evidence that before 2002, the property owners were treated as tenants in common with undivided interests in the mineral estate.[56] Before 2002, they were "paid bonus money and royalties consistent with [their] ownership of an undivided interest in the mineral estate of the entire property."[57] In was only in 2002—after Thorp began paying royalties—that the property owners learned that they "would be treated as partitioned interest owners having no mineral interest under certain tracts of land within the property."[58]

Rather than ratifying the partition of the mineral estate and acquiescing to being treated as owners under a partition, the Plaintiffs filed this lawsuit in 2004 seeking a declaration that the partition agreement was void and that they still owned undivided interests in the mineral estate.[59] Because the Plaintiffs provided evidence that they challenged the attempt to partition the mineral estate soon after they first learned they were being paid as if there were a partition, the

---

[56] 9 CR 2931-2932; 9 CR 2935-2936.

[57] 9 CR 2931; 9 CR 2935.

[58] 9 CR 2932; 9 CR 2936.

[59] 1 CR 41.

16

Defendants did not conclusively establish their equitable affirmative defenses of ratification, estoppel, and acquiescence.

The Defendants argue that how the Plaintiffs were paid royalties regarding the mineral estate is not relevant because it is the actions of the Plaintiffs, not the other parties, that determines estoppel, ratification, and acquiescence.[60] The Defendants miss the point. The Plaintiffs are not arguing that the conduct of the companies paying the royalties is the focus of the equitable defenses. Instead, the Plaintiffs are pointing out that if the companies never paid royalties based on the partition agreement, then the Plaintiffs did not ratify the partition or acquiesce in it by accepting the royalty payments that were based on an undivided interest, as opposed to a partitioned interest, so there is no estoppel.

The trial court, therefore, erred when it granted summary judgment against the Plaintiffs on those affirmative defenses.

---

[60] Oil Co. Br. at 31; Ind. Def. Br. at 56-57.

**IV. The Defendants did not conclusively establish their adverse-possession affirmative defense because they did not show that they adversely possessed the mineral estate, as opposed to merely possessing the surface estate.**

As the Plaintiffs explained in their opening brief, the Defendants base their adverse possession claim solely on allegations that they occupied and used the surface estate.[61] They make no allegation that they took any actions to specifically adversely possess the mineral estate.[62]

The Plaintiffs explained that when a land owner grants an interest in the mineral estate, while reserving the surface estate, he has severed the property and created "two separate and distinct estates: an estate in the surface and an estate in the minerals."[63] Where the mineral estate has been severed, possession of the surface estate is not sufficient to adversely possess the mineral estate.[64] Instead, "actual

---

[61] 8 CR 2562; 7 CR 2770-2772; 8 CR 2843.

[62] 8 CR 2562; 7 CR 2770-2772; 8 CR 2843.

[63] *Acker v. Guinn*, 464 S.W.2d 348, 352 (Tex. 1971); *see also Sutton v. Green*, No. 14-01-01043-CV, 2002 WL 1489347, at *3 (Tex. App.—Houston [14th Dist.] July 11, 2002, no pet.) ("It is well settled in Texas that once mineral rights are severed, two separate and distinct estates (the mineral estate and the surface estate) are created, each of which is capable of separate ownership and sale.").

[64] *Natural Gas Pipeline Co. v. Pool*, 124 S.W.3d 188, 193 (Tex. 2003) ("Once severance occurs, possession of the surface alone will not constitute adverse possession of minerals.").

possession of the minerals must occur."[65] The Texas Supreme Court has held that "[i]n the case of oil and gas, that means drilling and production of oil and gas."[66]

The 1,134 acres' surface and mineral estates were severed in 1932 when Juan and Ynez Salinas conveyed a 1/32 mineral interest, while reserving the entire surface estate.[67] At that point, separate surface and mineral estates were created, and the mineral estate had to be adversely possessed on its own and not through adverse possession of the surface estate.[68]

The Defendants do not argue that they took any steps to adversely possess the mineral estate.[69] They certainly do not claim that they conclusively established that they adversely possessed the mineral estate.[70] Instead, the Defendants claim that they can adversely possess against the mineral estate even when there has been a severance of the

---

[65] *Id.*

[66] *Id.*

[67] 8 CR 2582. They made a second conveyance of ½ (or 16/32) of the mineral interest in 1940. 8 CR 2584-2585. The two conveyances in 1932 and 1940 resulted in a conveyance of 17/32 of the mineral estate and a reservation of 15/32 of the mineral estate. 7 CR 2299; 8 CR 2536; 8 CR 2582-2585; 8 CR 2839.

[68] *Natural Gas Pipeline*, 124 S.W.3d at 193; *Acker*, 464 S.W.2d at 352.

[69] Oil Co. Def. Br. at 32-37.

[70] *Id.*

surface and mineral estate, as long as some of the mineral estate is still attached to the surface estate.[71] The Defendants argue that even though a majority of the mineral estate had been severed, "a portion (11/12 of 15/32) of minerals remained unsevered from the surface estate," so they could adversely possess the mineral estate by adversely possessing the surface estate.[72]

The Defendants base their argument on two over-half-century-old cases from other appellate courts, neither of which has ever even been cited by this Court or the Texas Supreme Court.[73] This Court should reject those outlier decisions and follow the established Texas rule that where the mineral estate has been severed—which unquestionably had happened here—possession of the surface estate is not sufficient to adversely possess the mineral estate.[74] As the Texas Supreme Court held in 2003, "[o]nce severance occurs, possession of the surface alone will not constitute adverse possession of minerals."[75]

---

[71] *Id*. at 32-33.

[72] *Id*. at 33.

[73] *Id*. at 33 (citing *Birdwell v. Am. Bonding Co.*, 337 S.W.2d 120, 31 (Tex. Civ. App. Fort Worth 1960, writ ref'd n.r.e.); *Dixon v. Henderson*, 267 S.W.2d 869, 873 (Tex. Civ. App.—Texarkana 1954, no writ)).

[74] *Natural Gas Pipeline*, 124 S.W.3d at 193.

[75] *Id*.

Because the Defendants do not even attempt to claim that they specifically adversely possessed the minerals, this Court should reverse the summary judgment based on adverse possession.

## V. The Plaintiffs did not waive their claim for past damages.

The Defendants argue that the Plaintiffs waived any claim for past damages by not addressing the issue in their opening brief.[76] They argue that the Plaintiffs sought damages under their trespass to try title claim and Defendant Smith Production alleged in its summary-judgment motion that there was no evidence of damages.[77] Because the trial court granted summary judgment without specifying a ground, the Defendants argue that means that the trial court granted summary judgment on the alleged lack of damages, so the Plaintiffs had to address the issue in their opening brief.[78]

The Defendants fail to inform this Court that there was an agreement under Texas Rule of Civil Procedure 11 filed with the trial court that removed the damages issue from consideration in the

---

[76] Ind. Def. Br. at 60-62; Oil Co. Br. at 41-42.

[77] Ind. Def. Br. at 60-62; Oil Co. Br. at 41-42.

[78] Ind. Def. Br. at 60-62; Oil Co. Br. at 41-42; *Potter v. Kaufman & Broad Home Sys. of Tex., Inc.*, 137 S.W.3d 701, 706 (Tex. App.—San Antonio 2004, no pet.); *Gamboa v. Gamboa*, 383 S.W.3d 263, 274 (Tex. App.—San Antonio 2012, no pet.); TEX. R. APP. P. 38.3.

summary-judgment motion.[79] The Plaintiffs' summary-judgment response expressly addressed that agreement and stated that damages were not part of the summary-judgment motion.[80] The Defendants did not object to that characterization in their summary-judgment replies.[81]

Because damages were not before the trial court, it did not grant summary judgment based on supposed lack of damages. The Plaintiffs, therefore, did not need to raise the damages issue in their opening brief.

### A. Smith Production joined in Thorp's summary-judgment motion, which raised lack of damages as a summary-judgment ground.

In its summary-judgment motion, Defendant Thorp contended that the Plaintiffs had no damages because all royalties had been paid based on proper ownership interest.[82] Defendant Smith Production filed a summary-judgment motion that joined in Thorp's summary-judgment motion and "incorporate[d] the grounds, argument and

---

[79] *See* § V(B) below.

[80] *See* § V(C) below.

[81] *See* § V(D) below.

[82] 8 CR 2534 ("Plaintiffs have been paid all royalties due based upon their ownership interest determined as a matter of law.").

22

evidence in support of summary judgment set out in, referenced by and

attached to" Thorp's summary-judgment motion.[83]

## B. Thorp's counsel agreed in writing that the damages issue was based on its argument that the partition agreement was valid, so it was not a separate issue.

The Plaintiffs' counsel obtained an agreement from Thorp's

counsel regarding the scope of the summary-judgment claim that the

Plaintiffs had no damages. The Plaintiffs' counsel emailed Thorp's

counsel and stated that he was "unsure as to the scope of the following

Thorp summary judgment contention: 'Plaintiffs have been paid all

royalties due based upon their ownership interest determined as a

matter of law.'"[84] The Plaintiffs' counsel stated that—based on a

conversation that the lawyers had just had—it was his understanding

that "Thorp's intention was to merely assert that as a result of Thorp

being correct about the title issues pertaining to the validity of the

partition, the Plaintiffs … would have no right to any royalties from

---

[83] 8 CR 2838; *see also* 8 CR 2843 (Smith Production hereby incorporates the grounds, arguments and evidence set out in, referenced by and attached to Thorp *et al*. and Faust *et al.'s* Motions for Summary Judgment as if sully set out herein."). Smith Production also joined in the Individual Defendants' summary-judgment motion. 8 CR 2838; 8 CR 2843.

[84] 9 CR 3160 (Supp. App. A).

production of the wells and therefore would have no claims to royalty from such wells."[85]

Thorp's counsel emailed back.[86] He quoted the statement that the Plaintiffs' counsel made regarding his understanding of Thorp's motion.[87] Thorp's counsel then told the Plaintiffs' counsel that "[y]our understanding is correct."[88]

The Plaintiffs' counsel emailed Thorp's counsel back and thanked him "for the clarification."[89] The Plaintiffs' counsel stated that he would "focus" his summary-judgment response "to that narrow issue, which, I understand we both agree would be determined by the court's ruling as to the legal effect, if any, of the 1968 partition agreement."[90] In other words, the only damages argument at issue was that the Plaintiffs were not entitled to damages because the royalties had been properly paid under the partition agreement, so the only issue on damages in the

_____

[85] *Id.*

[86] 9 CR 3159 (Supp. App. A).

[87] 9 CR 3160 (Supp. App. A).

[88] *Id.*

[89] 9 CR 3159 (Supp. App. A).

[90] *Id.*

summary-judgment motion was whether the partition agreement was valid.

The Plaintiffs' counsel told Thorp's counsel, "[i]f I am misunderstanding where you are coming from, please correct me."[91] Thorp's counsel emailed back, saying "I think we understand each other."[92]

### C. The Plaintiffs included the written agreement with Thorp in the summary-judgment record and stated that, based on the agreement, they understood that damages were not a separate issue.

In their summary-judgment response—which responded to the summary-judgment motions filed by Thorp, Smith Production, and the Individual Defendants—the Plaintiffs specifically addressed the issue of royalty payments and included the email correspondence with Thorp's counsel as an exhibit.[93] The Plaintiffs stated that, as they "understand the scope of the motion, no response, beyond its response to the underlying title issue, is required."[94]

---

[91] *Id.*

[92] *Id.*

[93] 9 CR 2926-2927; 9 CR 3159-3160 (Supp. App. A). Because the correspondence between the Plaintiffs' counsel and Thorp's counsel was filed with the trial court, it is a binding agreement under Texas Rule of Civil Procedure 11. .

[94] 9 CR 2927.

**D. Neither Thorp nor Smith Production objected to the Plaintiffs' characterization of the agreement on the damages issue or claimed that the Plaintiffs had to provide damages evidence apart from showing that the partition agreement was invalid.**

Both Thorp and Smith Production filed replies to the Plaintiffs' response to their summary-judgment motions.[95] Neither Thorp nor Smith Production objected to the Plaintiffs' understanding of the scope of the summary-judgment motion regarding damages from unpaid royalties.[96]

Smith Production certainly did not claim that it was not bound by Thorp's agreement regarding the scope of the Thorp summary-judgment motion that it had joined.[97]

**E. This Court should reject the Defendants' attempt to ignore the Rule 11 agreement and obtain an advantage through trickery and gamesmanship.**

The Defendants have been less than forthright regarding this issue. They did not even tell this Court about the agreement between

---

[95] 9 CR 3230-3235; 9 CR 3263-3282.

[96] 9 CR 3230-3235; 9 CR 3263-3282.

[97] 9 CR 3230-3235.

Thorp and the Plaintiffs regarding this issue.[98]  Instead, they acted as if the agreement did not exist.

The Defendants' behavior was no better in the trial court.  Instead of raising the issue in their replies to the Plaintiffs' summary-judgment response, the Defendants lay behind the log.  Rather than telling the Plaintiffs and the trial court that their damages issue was, somehow, separate from the validity of the partition agreement, the Defendants chose to remain silent and not raise the issue until their brief on appeal.

This Court should reject the Defendants' attempt to play games with the judicial process and avoid the Rule 11 agreement.  It should hold that the damages issue in the summary-judgment motions was limited to whether the partition agreement was valid.  The Plaintiffs addressed the validity of the partition agreement in great detail in their opening brief.  This Court, therefore, should hold that the Plaintiffs did not waive their damages argument.  So if this case is reversed and remanded, the Plaintiffs can attempt to recover the royalties that they were not paid because the royalty payments were made based on the invalid partition agreement.

---

[98] Ind. Def. Br. at 60-62; Oil Co. Br. at 41-42.

To the extent this Court believes that damages were still before the trial court on summary judgment, the Plaintiffs request leave to amend their opening brief to address the damages issue.[99]

## PRAYER

This Court should reverse the summary judgment against the Plaintiffs and remand this case for trial.

---

[99] TEX. R. APP. P. 38.7 ("A brief may be amended or supplemented whenever justice requires, on whatever reasonable terms the court may prescribe."); *see Majeed v. Hussain*, No. 02-08-00679-CV, 2010 WL 4137472, at *8 (Tex. App.—Austin Oct. 22, 2010, no pet.) (allowing appellant's opening brief to be amended after oral argument).

Respectfully submitted,

/s/ David George

Roger S. Braugh, Jr.          David George
Texas Bar No. 00796244     Texas Bar No. 00793212
SICO, WHITE, HOELSCHER,     CONNELLY • BAKER • WOTRING LLP
  HARRIS, & BRAUGH, LLP      700 JPMorgan Chase Tower
900 Frost Bank Plaza         600 Travis Street
802 N. Carancahua            Houston, Texas 77002
Corpus Christi, Texas 78470    Phone:  (713) 980-1700
Phone: (361) 653-3300        Fax:  (713) 980-1701
Fax:   (361) 653-3333         dgeorge@connellybaker.com
rbraugh@swbtrial.com

*Counsel for Appellants*

May 7, 2015

## CERTIFICATE OF SERVICE

I certify that on May 7, 2015, I served a copy of this document upon the following individuals by certified mail:

Lee S. Gill
JONES, GILL LLP
6363 Woodway, Suite 1100
Houston, Texas 77057
Attorney for Thorp Petroleum Corporation;
El Paso Production Company; El Paso E&P
Company, LP; El Paso Exploration & Production
Management, Inc.; El Paso Exploration &
Production; Stanco Land Management, LLC and
Meredith Land & Minerals Co.

Mark Hanna
SCOTT, DOUGLASS & McCONNICO, L.L.P.
600 Congress Avenue, Suite 1500
Austin, Texas 78701-3589
Attorney for Smith Production Inc.

O.C. Hamilton, Jr.
ATLAS & HALL, L.L.P.
P.O. Drawer 3725
McAllen, Texas 78502
Attorney for Fausto Salinas; Rosalinda Salinas
Balderas; Linda Mandes; Veronica Casas Campbell;
Elda Salinas Ponce; Cindy Casas Reyna;
Eloida Salinas; and D-FOX, Ltd.

*/S/ David George*
David George

## CERTIFICATE OF COMPLIANCE

This brief contains 5,455 words, excluding the caption, signature blocks, and certificates.  This motion was prepared using Microsoft Word 2013 in 14 point (12 point in footnotes) Century Schoolbook (Arial headings) font.

/S/ David George
David George



**Subject: FW: Agreement as to Scope of Thorp Summary Judgment**
**Date:** Friday, May 14, 2010 4:56 PM
**From:** Roger Braugh <rbraugh@swbtrial.com>
**Conversation:** Agreement as to Scope of Thorp Summary Judgment

------ Forwarded Message
From: Lee Gill <GILL@jonesgill.com>
Date: Fri, 14 May 2010 16:53:01 -0500
To: Roger Braugh <rbraugh@swbtrial.com>
Cc: John Flood <john@floodandflood.com>
Conversation: Agreement as to Scope of Thorp Summary Judgment
Subject: RE: Agreement as to Scope of Thorp Summary Judgment

No, I think we understand each other.

Lee S. Gill
Jones Gill LLP
6363 Woodway, Suite 1100
Houston, Texas 77057
713 651 1275
713 651 0716 fax
gill@jonesgill.com

-----Original Message-----
From: Roger Braugh [mailto:rbraugh@swbtrial.com]
Sent: Friday, May 14, 2010 4:51 PM
To: Lee Gill
Cc: John Flood
Subject: Re: Agreement as to Scope of Thorp Summary Judgment

Thank you for the clarification. Accordingly, we will focus our
response to that narrow issue, which, I understand we both agree would be determined by the
court's ruling as to the legal effect, if any, of the 1968 partition agreement.

If I am misunderstanding where you are coming from, please correct me.


Roger S. Braugh, Jr.
Sico, White, Hoelscher & Braugh LLP
802 N. Carancahua, Suite 900
Corpus Christi, Texas 78470
Tel: 361-653-3300
Fax: 361-653-3333
rbraugh@swbtrial.com
www.swbtrial.com


On 5/14/10 4:46 PM, "Lee Gill" <GILL@jonesgill.com> wrote:

> Roger,
>
> You wrote:

EXHIBIT D-1

> 
> "As I understand from our conversation, Thorp's intention was to merely
> assert that as a result of Thorp being correct about the title issues
> pertaining to the validity of the partition, the Plaintiffs (with the
> exception of those who are heirs and assignees under Juana Salinas
> Garcia) would have no right to any royalties from production of the wells and
> therefore would have no claims to royalty from such wells."
> 
> Your understanding is correct.
> 
> 
> Lee S. Gill
> Jones Gill LLP
> 6363 Woodway, Suite 1100
> Houston, Texas 77057
> 713 651 1275
> 713 651 0716 fax
> gill@jonesgill.com
> 
> 
> -----Original Message-----
> From: Roger Braugh [mailto:rbraugh@swbtrial.com]
> Sent: Friday, May 14, 2010 4:35 PM
> To: Lee Gill
> Cc: John Flood
> Subject: Agreement as to Scope of Thorp Summary Judgment
> 
> Lee:
> 
> As we discussed a few moments ago, we are unsure as to the scope of the
> following Thorp summary judgment contention:
> 
> "Plaintiffs have been paid all royalties due based upon their ownership
> interest determined as a matter of law."
> 
> As I understand from our conversation, Thorp's intention was to merely
> assert that as a result of Thorp being correct about the title issues
> pertaining to the validity of the partition, the Plaintiffs (with the
> exception of those who are heirs and assignees under Juana Salinas
> Garcia) would have no right to any royalties from production of the wells and
> therefore would have no claims to royalty from such wells.
> 
> If you can agree that the motion on that ground was limited to the above
> scope, please respond to this email confirming the same.  Otherwise, we
> will need to object, specially except, and likely seek a continuance to
> address the issue with additional discovery and/or an require an amended motion to clarify the
point in issue.
> 
> Roger S. Braugh, Jr.
> Sico, White, Hoelscher & Braugh LLP
> 802 N. Carancahua, Suite 900
> Corpus Christi, Texas 78470
> Tel: 361-653-3300
> Fax: 361-653-3333
> rbraugh@swbtrial.com

3160

> www.swbtrial.com
>
> >
> >
>


------ End of Forwarded Message